1
2
3
4
5
6

**COWAN, LIEBOWITZ & LATMAN, P.C.**
KIERAN G. DOYLE (admitted pro hac vice)
   kgd@cll.com
JOELLE A. MILOV (admitted pro hac vice)
   jam@cll.com
JEREMY A. BERMAN (admitted pro hac vice)
   jab@cll.com
114 West 47th Street, 21st Floor
New York, NY 10036-1525
Telephone: 212-790-9261
Facsimile:  212-575-0671

7   [Additional Counsel on Following Page]

8

9   ## UNITED STATES DISTRICT COURT

10  ## FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  ## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| 12 IMEX LEADER, INC., a California corporation; and IRINA GRANT, | Case No. 8:22-cv-01432-FWS-JDE |
| 13 | Honorable Fred W. Slaughter |
| Plaintiffs, | |
| 14 | **NOTICE OF MOTIONS TO DISMISS AND STRIKE** |
| 15 vs. | |
| 16 ZEST US WHOLESALE, INC., a California corporation; ZEST US, a California corporation; ADIL AL HOURANI, an individual; OMAR AL HOURANI, an individual; KGR DISTRIBUTION CORP., a New Jersey corporation; and RAVI KOMMI, an individual; SHIMS BARGAIN, INC., a California corporation, doing business as JC SALES; and DOES 1 through 100, inclusive, | **Date:     January 12, 2023** **Time:    10:00 a.m.** **Courtroom:  10D** |
| Defendants. | |

23
24
25
26
27
28

MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal Bar No. 220513
   jpjassy@jassyvick.com
JEFFREY A. PAYNE, Cal. Bar No. 279034
   jpayne@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: 310-870-7048
Facsimile:  310-870-7010

Attorneys for Defendants
ZEST US WHOLESALE, INC.; ZEST US;
ADIL AL HOURANI; OMAR AL
HOURANI; KGR DISTRIBUTION CORP.;
and RAVI KOMMI; SHIMS BARGAIN, INC.

MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 12, 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard in-person or virtually in Courtroom 10D, the Honorable Fred W. Slaughter, presiding, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendants Zest US Wholesale Inc., Zest US, Adil Al Hourani, Omar Al Hourani, KGR Distribution Corp., Ravi Kommi, and Shims Bargain, Inc. d/b/a JC Sales (collectively, "Defendants"), and each of them individually, will and hereby do move this Court for an order dismissing the Complaint filed by Plaintiffs Imex Leader, Inc. ("Imex") and Irina Grant (collectively, "Plaintiffs"), using the motion to dismiss standards of Federal Rule of Civil Procedure 12(b)(6), and striking from the Complaint Paragraphs 41, 44, 50, and 93, using the motion to strike standards of Federal Rule of Civil Procedure 12(f), with prejudice and without leave to amend.

**This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 20, 2022.**

Plaintiffs' Complaint should be dismissed or parts thereof stricken for the following reasons:

- Plaintiffs' word mark claims, comprising parts of Counts One, Two, Three, Five, and Six, should be dismissed because:
    - Plaintiffs fail to allege which of Defendants' marks are confusingly similar to which of Plaintiff Grant's 12 Registered Word Marks; and/or
    - A comparison of the Registered Word Marks and the marks that appear on Defendants' products makes clear there is no plausible allegation of a likelihood of confusion.
- Plaintiffs' trade dress claims, comprising parts of Counts One, Two, Three, Five, and Six, fail because
    - Plaintiffs have failed to sufficiently identify Plaintiff's trade dress with requisite particularity;

1

1    o Plaintiffs failed to plead facts sufficient to support a claim that the alleged
2        trade dress has secondary meaning; and/or
3    o Plaintiffs failed to plead facts sufficient to support a claim that the alleged
4        trade dress is nonfunctional.
5  • Plaintiffs' copyright claim (Count Six) should be dismissed because Plaintiffs
6      failed to allege what protectable elements of their copyrights have been
7      infringed by Defendants.
8  • Paragraphs 41, 44, 50, and 93 of the Complaint, as well as any other allegations
9      related to Defendants' alleged infringement of other parties' marks, should be
10     stricken because such references to unadjudicated claims of infringement
11     concerning trademarks that are not at issue in this litigation nor owned by any
12     party to this litigation are immaterial and impertinent.
13       This Motion is based on: this Notice; the attached Memorandum of Points and
14  Authorities; the concurrently filed Request for Judicial Notice with Exhibits A-C; and
15  all pleadings and documents on file in this action; and such further judicially
16  noticeable evidence or argument as may be presented at the hearing on this Motion.
17       For these reasons, Defendants respectfully request that this Court dismiss in
18  full or strike in part Plaintiffs' Complaint with prejudice and without leave to amend.
19
20  Dated: November 1, 2022           Respectfully submitted,
21                                     COWAN, LIEBOWITZ & LATMAN, P.C.
22
23                                     By: _____
24                                     Kieran G. Doyle (admitted pro hac vice)
                                       Joelle A. Milov (admitted pro hac vice)
25                                     Jeremy A. Berman (admitted pro hac vice)
26                                     114 West 47th Street
                                       New York, New York 10036-1525
27                                     (212) 790-9200
28

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JASSY VICK CAROLAN LLP
Jean-Paul Jassy
Jeffrey A. Payne
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071

*Attorneys for Defendants Zest US Wholesale, Inc., Zest US, Adil Al Hourani, Omar Al Hourani, KGR Distribution Corp., Ravi Kommi, and Shims Bargain, Inc. d/b/a JC Sales*

3

MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ i

I.      INTRODUCTION ............................................................................................ 1

II.     STATEMENT OF FACTS ............................................................................... 2

III.    LEGAL STANDARDS .................................................................................... 4

IV.     ARGUMENT ................................................................................................... 5

        A.      DEFENDANTS' MOTION TO DISMISS PURSUANT TO
                RULE 12(b)(6) ...................................................................................... 5

                i.      PLAINTIFFS' WORD MARK CLAIMS SHOULD BE
                        DISMISSED FOR FAILURE TO ADEQUATELY PLEAD
                        INFRINGEMENT ...................................................................... 5

                ii.     PLAINTIFFS' TRADE DRESS CLAIMS SHOULD BE
                        DISMISSED FOR FAILURE TO SUFFICIENTLY
                        ALLEGE TRADE DRESS INFRINGEMENT ........................... 7

                        a.      Plaintiffs Have Failed to Identify Their Trade Dress
                                with Requisite Particularity ................................................ 8

                        b.      Plaintiffs Have Failed to Allege That Their Trade
                                Dress Has Secondary Meaning .......................................... 12

                        c.      Plaintiffs Have Failed to Allege That Their Trade
                                Dress Is Not Functional ..................................................... 15

                iii.    Plaintiffs' Copyright Claim Should Be Dismissed ...................... 16

        B.      DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE
                12(F) .................................................................................................... 17

V.      CONCLUSION ............................................................................................. 18

MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apollo Grp.*,
  No. 10-cv-1735, 2011 U.S. Dist. LEXIS 124781 (D. Ariz. Oct. 27,
  2011) ........................................................................................................ 18

*ArcSoft, Inc. v. CyberLink Corp.*,
  153 F. Supp. 3d 1057 (N.D. Cal. 2015) .................................................. 9

*Aromatique, Inc. v. Gold Seal, Inc.*,
  28 F.3d 863 (8th Cir. 1994) .................................................................. 13

*Art Attacks Ink, LLC v. MGA Ent. Inc.*,
  581 F.3d 1138 (9th Cir. 2009) .............................................................. 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................... 4

*Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*,
  No. 08-cv-04397, 2008 U.S. Dist. LEXIS 109800 (N.D. Cal. Dec. 18,
  2008) ........................................................................................................ 9

*Benham v. Am. Servicing Co.*,
  No. 09-cv-01099, 2009 U.S. Dist. LEXIS 110646 (N.D. Cal. Nov. 30,
  2009) ........................................................................................................ 5

*Dahlia v. Rodriguez*,
  735 F.3d 1060 (9th Cir. 2013) ............................................................... 4

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*,
  109 F.3d 1394 (9th Cir. 1997) .............................................................. 17

*Evans v. McCoy-Harris*,
  No. 17-cv-8345, 2019 U.S. Dist. LEXIS 42744 (C.D. Cal. Jan. 4,
  2019) ................................................................................................ 16, 17

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993) ............................................................... 5

i

*Gadh v. Spiegel*,
    No. 14-cv-855, 2014 U.S. Dist. LEXIS 64081 (C.D. Cal. Apr. 2,
    2014) .................................................................................................. 16

*GNI Waterman LLC v. A/M Valve Co. LLC*,
    No. 07-cv-0863, 2007 U.S. Dist. LEXIS 68715 (E.D. Cal. Sept. 7,
    2007) .................................................................................................. 15

*Japan Telecom, Inc. v. Japan Telecom Am., Inc.*,
    287 F.3d 866 (9th Cir. 2002) ............................................................ 13

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
    58 F.3d 27 (2d Cir. 1995) .................................................................. 12

*Jenny Yoo Collection, Inc. v. Watters Design, Inc.*,
    124 U.S.P.Q.2d 1553 (S.D.N.Y. 2017) .............................................. 13

*Lanard Toys Ltd. v. Dimple Child LLC*,
    No. 19-cv-616, 2019 U.S. Dist. LEXIS 239587 (C.D. Cal. Apr. 3,
    2019) .................................................................................................. 16

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
    113 F.3d 373 (2d Cir. 1997) ............................................................ 8, 9

*Mackeen Denims v. V.*,
    No. 20-cv-9254, 2020 U.S. Dist. LEXIS 259421 (C.D. Cal. Dec. 10,
    2020) .................................................................................................. 11

*Marcus v. ABC Signature Studios, Inc.*,
    279 F. Supp. 3d 1056 (C.D. Cal. 2017) ............................................. 16

*Marvel Enters. v. NCSoft Corp.*,
    No. 04-cv-9253, 2005 U.S. Dist. LEXIS 8448 (C.D. Cal. Mar. 9,
    2005) .................................................................................................... 7

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
    218 F.R.D. 76 (S.D.N.Y. 2003) ......................................................... 18

*Mintz v. Subaru of Am., Inc.*,
    716 Fed. Appx. 618 (9th Cir. 2017) .................................................... 7

*Network Automation, Inc. v. Advanced Sys. Concepts*,
    638 F.3d 1137 (9th Cir. 2010) ............................................................. 6

ii

*P&P Imps. LLC v. Johnson Enters.*,
    LLC No. 21-cv-55013, 2022 U.S. App. LEXIS 23688 (9th Cir. Aug.
    24, 2022) ................................................................................................ 8

*Puma SE v. Forever 21, Inc.*,
    No. 17-cv-2523, 2017 U.S. Dist. LEXIS 211140 (C.D. Cal. June 29,
    2017) .................................................................................................... 16

*R and A Synergy LLC v. Spanx, Inc.*,
    No. 17-cv-09147, 2019 U.S. Dist. LEXIS 168266 (C.D. Cal. May 1,
    2019) .................................................................................................... 14

*S.A. Kitsinian, Inc. v. Pajand*,
    No. 13-cv-8139, 2014 U.S. Dist. LEXIS 195329 (C.D. Cal. Feb. 21,
    2014) ...................................................................................................... 4

*Salt Optics, Inc. v. Jand, Inc.*,
    No. 10-cv-0828, 2010 U.S. Dist. LEXIS 131388 (C.D. Cal. Nov. 19,
    2010) ......................................................................................... 4, 10, 17

*Sara Designs, Inc. v. A Classic Time Watch Co.*,
    234 F. Supp. 3d 548 (S.D.N.Y. 2017) ...................................... 8, 11, 13

*SCG Characters LLC v. Telebrands Corp.*,
    No. 15-cv-00374, 2015 U.S. Dist. LEXIS 101287 (C.D. Cal. Aug. 3,
    2015) ...................................................................................................... 9

*Sherwood 48 Assocs. v. Sony Corp. of Am.*,
    76 F. App'x 389 (2d Cir. 2003) ............................................................ 7

*SHK Mgmt. v. Kilroy Realty Corp.*,
    No. 14-cv-02509, 2014 U.S. Dist. LEXIS 205709 (C.D. Cal. Oct. 2,
    2014) .................................................................................................... 15

*Sleep Sci. Partners v. Lieberman*,
    No. 09-cv-04200, 2010 U.S. Dist. LEXIS 45385 (N.D. Cal. May 10,
    2010) .................................................................................................. 8, 9

*Solofill v. Rivera*,
    No. 17-cv-02956, 2018 U.S. Dist. LEXIS 239674 (C.D. Cal. Aug. 3,
    2018) .................................................................................................... 11

iii

32752/000/4139371.5

*Sugarfina, Inc. v. Sweet Pete's LLC*,
     No. 17-cv-4456, 2017 U.S. Dist. LEXIS 156711 (C.D. Cal. Sep. 25,
     2017) .............................................................................................................. 4, 9

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
     532 U.S. 23 (2001) ............................................................................................. 15

*United States v. Ritchie*,
     342 F.3d 903 (9th Cir. 2003) ......................................................................... 4, 14

*Wal-Mart Stores v. Samara Bros.*,
     529 U.S. 205 (2000) ........................................................................................... 13

*Walker & Zanger, Inc. v. Paragon, Indus.*,
     549 F. Supp. 2d 1168 (N.D. Cal. 2007) ............................................................. 9

*Yurman Design, Inc. v. PAJ, Inc.*,
     262 F.3d 101 (2d Cir. 2001) ............................................................................... 9

**Statutes**

Copyright Act ............................................................................................................ 10

Lanham Act ........................................................................................................... 3, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 4, 5

Fed. R. Civ. P. 12(f) .......................................................................................... 5, 17

Fed. R. Evid. 201 ................................................................................................. 4, 5

J.T. McCarthy, McCarthy on Unfair Competition (5th ed. 2022) ................. 13

32752/000/4139371.5

# I.   **INTRODUCTION**

Imex and Defendants operate within an industry in which egg-shaped packaging has long been used in connection with candy and toys.  On its own website, Imex explains how ubiquitous and long-established such packaging is: "Egg surprises have long been a favorite of children all over the world.  From plastic eggs filled with candy, to candy eggs filled with surprise toys, there is something wonderful about opening up one of these eggs to find delicious and fun surprises."  But rather than compete with Defendants in this industry, Plaintiffs try to stifle legitimate competition through patently deficient claims.  Because Plaintiffs have not stated any cause of action, the Complaint must be dismissed.

Plaintiffs' trademark claims fall into two categories - - those based on Plaintiff Grant's word marks and those based on Plaintiff Grant's alleged trade dress in the very look of their products.  The word mark claims fail for two reasons.  First, Plaintiffs do not even allege which of Defendants' word marks supposedly infringe which of Plaintiff's marks.  Second, a comparison of the parties' respective word marks illustrates that they are not confusingly similar.  Other than the generic word "egg" the parties' respective word marks have no words in common.

Plaintiffs' trade dress claims fare even worse.  As an initial matter, Plaintiffs have utterly failed to articulate what their trade dress covers, alleging at one point that, "[t]he Imex Trade Dress consists of the Registered Word Marks, the Registered Design Marks, the Registered Copyrighted Works, and the Unregistered Trade Dress and Trademarks, as described above."  Not only does such a description fail to provide Defendants with any meaningful guidance as to the claims asserted against them, but also it suggests that Plaintiffs are articulating their trade dress at such a generic level as to protect otherwise unprotectable elements.  For example, Plaintiffs claim that Defendants' product THE SMILEYS infringes unknown aspects of its EMOJI EGG products due to similarities of "definition of name" and "face elements."

SIMILARITIES: DEFINITION OF NAME, FACE ELEMENTS

Compl., Ex. L, ECF No. 1-12, p. 6 (Plaintiffs' EMOJI EGG on left and Defendants' THE SMILEYS on right).

Moreover, Plaintiffs have failed to allege that their trade dress has acquired secondary meaning and is non-functional.  Instead, Plaintiffs are improperly attempting to gain protection over the idea of an anthropomorphic egg-shaped container containing candy and a toy, an attempt not countenanced within trade dress case law.

Finally, Plaintiffs' copyright infringement claims should be dismissed because Plaintiffs have failed to allege what protectable elements of their copyrights Defendants have infringed.  Nowhere in the complaint do Plaintiffs actually compare elements of Defendants' works and articulate how they are substantially similar to the protectable portions of Plaintiffs' works.  As such, the claim must be dismissed.

In sum, Plaintiffs have attempted to assert six different causes of action based on Defendants' use of the idea of an egg-shaped container, containing humanlike features, and housing candy and a toy.  But the bounds of trademark, trade dress, and copyright law are not so wide as to allow for such claims.  Accordingly, the Court should dismiss the Complaint.

## II.  **STATEMENT OF FACTS**

The facts relevant to this motion are taken from Plaintiffs' Complaint and from the exhibits thereto, as referenced and relied on by Plaintiffs throughout their

32752/000/4139371.5

MOTION TO DISMISS

Complaint.  The specific allegations relevant to each of the claims at issue in this motion are addressed in detail below, so Defendants here offer only a brief synopsis of the Complaint.

Plaintiff Imex alleges that it sells lines of egg-shaped goods containing candy and toys under the following trademarks: HAPPY EGG, KING EGG, MAGIK EGG, LUCKY EGG, EMOJI EGG, and SKAZKA EGG.  Plaintiff Grant claims to own various U.S. registered trademarks and copyrights related to the Imex products and licenses them to Imex.  Compl. ¶¶ 27-34; *see* Request for Judicial Notice ("RJN"), Exs. A-B (United States Patent and Trademark Office Records).  Plaintiff Grant also alleges that she owns unregistered rights to certain trademarks and trade dress for the Imex products.  *Id.* ¶ 36.

Plaintiffs allege that around 2021 they learned that Defendants were selling products comprised of plastic eggs containing candy and/or toys.  Plaintiff Grant allegedly owns trademark registration for 12 word marks (the "Registered Word Marks"), but Plaintiffs do not specify, which of Defendants' marks infringe which of these trademarks, only stating that "[o]n information and belief, defendants have intentionally and in bad faith used the . . . Registered Word Marks . . . in a manner likely to confuse consumers, without plaintiffs' consent."  *Id.* ¶¶ 28, 89.  As to their trade dress claims, Plaintiffs allege that the similarities between Defendants' products and the Imex products include that they both "contain candy and toys packaged in egg-shaped containers of similar shape, size, total image, overall appearance, and look and feel," as both are "decorated with characters and story art," and "use bright colors and eye-catching fonts."  *Id.* ¶ 54.  Based on these allegations, Plaintiffs bring claims for trademark infringement and false designation of origin under the Lanham Act (Counts 1-2), common law trademark infringement (Count 3), copyright infringement (Count 4), California statutory unfair competition (Count 5), and common law unfair competition (Count 6).

MOTION TO DISMISS

### III.   <u>LEGAL STANDARDS</u>

In the Ninth Circuit, the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) "can be based on a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-cv-4456, 2017 U.S. Dist. LEXIS 156711, at *6 (C.D. Cal. Sep. 25, 2017) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although the Court must assume the truth of Plaintiffs' factual allegations, for the purposes of a dismissal motion, "[m]ere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief." *See Salt Optics, Inc. v. Jand, Inc.*, No. 10-cv-0828, 2010 U.S. Dist. LEXIS 131388, at *6 (C.D. Cal. Nov. 19, 2010); *see also S.A. Kitsinian, Inc. v. Pajand*, No. 13-cv-8139, 2014 U.S. Dist. LEXIS 195329, at *3 (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)) (C.D. Cal. Feb. 21, 2014) (a court "is not required to accept 'legal conclusions . . . cast in the form of factual allegations.'").  Moreover, it is "within [a court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

Although a Court may not consider matters outside the pleadings when ruling on a motion to dismiss without converting the motion to a motion for summary judgment, "[a] court may . . . consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Fed. R. Evid. 201(b)(2) states that a court may take judicial notice of a fact "not subject to

MOTION TO DISMISS

reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations and internal quotation marks omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike."  *Benham v. Am. Servicing Co.*, No. 09-cv-01099, 2009 U.S. Dist. LEXIS 110646, at *23 (N.D. Cal. Nov. 30, 2009).  "'(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial….'"  *Fogerty*, 984 F.2d at 1527 (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

## IV.   ARGUMENT

### A.   DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

#### i.   PLAINTIFFS' WORD MARK CLAIMS SHOULD BE DISMISSED FOR FAILURE TO ADEQUATELY PLEAD INFRINGEMENT

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party 'must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer

32752/000/4139371.5

MOTION TO DISMISS

confusion.'"  *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2010) (citation omitted).  Here, Plaintiffs' word mark claims must be dismissed for failure to plead that Defendants' marks are likely to cause consumer confusion.

While Plaintiff Grant has alleged that she owns 12 registrations for the Registered Word Marks, she fails to allege which of Defendants' marks are confusingly similar to which of her 12 Registered Word Marks.  A comparison of the Registered Word Marks to the marks that appear on Defendants' products makes clear that there can be no plausible allegation of a likelihood of confusion:

| Plaintiffs' Registered Word Marks | Defendants' Word Marks |
|---|---|
| KING EGG | COSBY FUN |
| HAPPY EGG | TOYBOX DRAJEBON |
| LUCKY EGG | THE SMILEYS |
| MAGIK EGG | MR EGG |
| EMOJI EGG | MRS EGG |
| SKAZKA EGG | JUNIOR SURPRISE EGGS |
| DELICIOUS ENJOYABLE | |
| EGGS TIME | |
| KING TOY | |
| HAPPY TOY | |
| LUCKY TOY | |
| MAGIK TOY | |

32752/000/4139371.5

MOTION TO DISMISS

Indeed, the only overlap in the marks at all are the words "EGG," and "EGGS," each of which were disclaimed in Plaintiff's Word Mark registrations or appear in marks registered on the Supplemental Register.[1]  RJN, Ex. A.  Courts have not hesitated to dismiss trademark infringement claims when the marks were patently different from one another.  *See, e.g.*, *Mintz v. Subaru of Am., Inc.*, 716 Fed. Appx. 618, 620-21 (9th Cir. 2017) ("Likelihood of confusion can be determined at the pleading stage where the parties have obviously dissimilar marks. . . . As the district court observed, the design and phrase used in Subaru's 'Share the Love' campaign are obviously dissimilar from Mintz's marks.  Subaru's phrase 'Share the Love' and Mintz's trademarked phrase 'A World of Love, for You and Those You Love' only share the generic word 'love,' which could not be trademarked on its own and cannot plausibly be the ground for an infringement claim."); *Marvel Enters. v. NCSoft Corp.*, No. 04-cv-9253, 2005 U.S. Dist. LEXIS 8448, at *11-12 (C.D. Cal. Mar. 9, 2005) (dismissing trademark infringement claim when plaintiff's CAPTAIN AMERICA was "entirely dissimilar" to Defendants' STATESMEN).  Accordingly, the Court should dismiss all claims of infringement of Plaintiff's Word Marks in Counts One, Two, Three, Five, and Six.

### ii. PLAINTIFFS' TRADE DRESS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SUFFICIENTLY ALLEGE TRADE DRESS INFRINGEMENT

To establish trade dress infringement, "[a] plaintiff must . . . offer 'a precise expression of the character and scope of the claimed trade dress.'" *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 F. App'x 389, 391 (2d Cir. 2003) (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997)).  A plaintiff must also "show that '(1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of

---

[1] *See infra* n. 5 (discussing marks on the Supplemental Register).

confusion between [plaintiff's and defendant's] products." *P&P Imps. LLC v. Johnson Enters.*, LLC No. 21-cv-55013, 2022 U.S. App. LEXIS 23688 (9th Cir. Aug. 24, 2022) (quoting *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009)).  Because Plaintiffs fail to sufficiently identify Plaintiffs' trade dress with requisite particularity, and because Plaintiffs fail to plead facts sufficient to support a claim that their alleged trade dress has secondary meaning and is non-functional the Court should dismiss Counts One, Two, Three, Five, and Six.

### a.    Plaintiffs Have Failed to Identify Their Trade Dress with Requisite Particularity

A party alleging a violation of its trade dress must specifically identify its trade dress to sustain its claim.  *See Sleep Sci. Partners v. Lieberman*, No. 09-cv-04200, 2010 U.S. Dist. LEXIS 45385, at *7 (N.D. Cal. May 10, 2010); *see also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) (plaintiff must provide "an articulation of the specific elements which comprise its distinct dress").  This requirement necessitates "an articulation of which of the plaintiff's trade design elements are distinctive and how they are distinctive." *Sara Designs, Inc. v. A Classic Time Watch Co.*, 234 F. Supp. 3d 548, 555 (S.D.N.Y. 2017).

> [F]ocus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress.  Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market.  Courts will also be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection.  Moreover, a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of

32752/000/4139371.5

MOTION TO DISMISS

1    generality, i.e., the claimant seeks protection for an unprotectable style,

2    theme or idea.

3    *Landscape Forms*, 113 F.3d at 381, *quoted in Tony Duquette v. Michael Kors (United*

4    *States)*, No. 09-cv-138475, 2009 U.S. Dist. LEXIS 138475, at *17 (C.D. Cal. Apr.

5    16, 2009).  This requires trade dress plaintiffs "at the very least, to provide adequate

6    notice by including in their complaint 'a **complete** recitation of the **concrete** elements

7    of [their] alleged trade dress.'"  *ArcSoft, Inc. v. CyberLink Corp.*, 153 F. Supp. 3d

8    1057, 1069 (N.D. Cal. 2015) (quoting *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d

9    1230, 1240 (C.D. Cal. 2014)) (emphases added).  Failure to identify the trade dress at

10   issue with the required specificity and completeness warrants dismissal of such

11   claims.  *See, e.g.*, *Sugarfina*, 2017 U.S. Dist. LEXIS 156711, at *12; *SCG Characters*

12   *LLC v. Telebrands Corp.*, No. 15-cv-00374, 2015 U.S. Dist. LEXIS 101287, at *20-

13   21 (C.D. Cal. Aug. 3, 2015); *ArcSoft*, 153 F. Supp. 3d at 1070; *Sleep Sci. Partners*,

14   2010 U.S. Dist. LEXIS 45385, at *8-10; *Autodesk, Inc. v. Dassault Systemes*

15   *Solidworks Corp.*, No. 08-cv-04397, 2008 U.S. Dist. LEXIS 109800, at *14 (N.D.

16   Cal. Dec. 18, 2008).

17        The standard for pleading trade dress is particularly high for product

18   configuration trade dress.  "Courts exercise 'particular caution' when extending

19   protection to product designs because such claims present an acute risk of stifling

20   competition."  *Walker & Zanger, Inc. v. Paragon, Indus.*, 549 F. Supp. 2d 1168 (N.D.

21   Cal. 2007) (quoting *Landscape Forms*, 113 F.3d at 380).  Because "[p]roduct design

22   is driven primarily by the usefulness or aesthetic appeal of the object[,] trade dress

23   protection for product design . . . entails a greater risk of impinging on ideas as

24   compared with protection of packaging or labeling."  *Yurman Design, Inc. v. PAJ,*

25   *Inc.*, 262 F.3d 101, 116 (2d Cir. 2001).

26        Here, Plaintiffs have failed to define their trade dress with sufficient

27   particularity.  Instead, Plaintiffs have offered several different descriptions of their

28

9

1  trade dress and each description contains different elements.   First, Plaintiffs

2  defined the Imex Trade Dress in two different ways as follows:

3

| Complaint Paragraph | Trade Dress Description |
|---|---|
| 17 | "The Imex Products have a distinctive and instantly recognizable trade dress, consisting of different suites of original characters and stories depicted on egg-shaped containers, and all other artwork, designs, and information on the containers (the 'Imex Trade Dress')." |
| 37 | "The Imex Trade Dress consists of the Registered Word Marks, the Registered Design Marks,[2] the Registered Copyrighted Works,[3] and the Unregistered Trade Dress and Trademarks, as described above." (Footnotes added) |

14      Neither of these paragraphs provides any real notice to Defendants or the Court

15  as to what Plaintiff Grant's alleged trade dress is supposed to cover.

16      In addition to offering the two different and conflicting definitions of the trade

17  dress above, Plaintiffs create further confusion by offering in Paragraph 17 of the

18  Complaint yet five more trade dress definitions each pertaining to one of Plaintiffs'

19  egg product lines or "suites of characters."

20

21  [2]  In Paragraph 29 of the Complaint, Plaintiffs claim that they own USPTO
    registrations covering "the Imex Trade Dress and Imex Products."   However,
22  Plaintiffs' pleaded registrations are not registrations on the Principal Register for
    trade dress. For example, in each of the MAGIK EGG series of products, Plaintiff
23  Grant agreed to an Examiner's Amendment stating, "Applicant is applying for a two-
    dimensional design mark **that is not trade dress.**" (Emphasis added) *See* RJN, Ex. B.
24

25  [3]  Any claim that Defendants are infringing alleged trade dress that itself consists of
    "Registered Copyrighted Works"  is preempted by the Copyright Act.   *See Salt*
26  *Optics*, 2010 U.S. Dist. LEXIS 131388, at *22 (quoting *Shaw v. Lindheim*, 919 F.2d
    1353, 1364-65 (9th Cir. 1990)) ("A court, therefore, should not 'expand the scope of
27  the Lanham Act to cover cases in which the Federal Copyright Act provides an
    adequate remedy.'").

28

32752/000/4139371.5

| Suites of Characters | Elements |
|---|---|
| Happy Egg and King Egg | "suites of cartoon characters identified by big faces, pronounced expressions, and bright colors associated with each character" |
| Lucky Egg | "a suite of cute animal characters" |
| MagiK Egg | "a suite of cute monster characters" |
| Emoji Egg | "a suite of cute characters based on emojis" |
| Skazka Egg | "a suite of original story art based on classic fairy tales" |

Beyond inconsistency in Plaintiffs' allegations, Plaintiffs have failed to specifically allege "which of the [its] trade design elements are distinctive and how they are distinctive." *Sara Designs*, 234 F. Supp. 3d at 555.  Instead, at best, Plaintiffs' alleged trade dress is an inconsistent and vague recitation of features with no claim as to how they are distinctive.  *See Solofill v. Rivera*, No. 17-cv-02956, 2018 U.S. Dist. LEXIS 239674, at *16 (C.D. Cal. Aug. 3, 2018) ("Plaintiff provides a laundry list of elements which it claims compose its trade dress, yet these elements are, for the most part, entirely functional or generic and even in combination, are not 'so unique, unusual or unexpected' as to create a clear presumption of origin.").  Nor does Plaintiffs' inclusion of photographs of their products discharge them of their pleading obligations.  *Mackeen Denims v. V.*, No. 20-cv-9254, 2020 U.S. Dist. LEXIS 259421, at *8 (C.D. Cal. Dec. 10, 2020) (quoting 1 J.T. MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION ("McCarthy") § 8:3) ("Further '[i]t is not sufficient for the plaintiff to simply submit an image of its design

MOTION TO DISMISS

1    and expect the court to determine what part or parts constitute protectable trade

2    dress.'").[4]

3        Instead of attempting to protect a distinctive trade dress, Plaintiffs are

4    impermissibly attempting to protect the idea of an egg-shaped candy confection

5    containing human features.    The inclusion of plainly commonplace elements in

6    Plaintiffs' alleged trade dress indicates "that that dress should be regarded as

7    unprotectable or 'generic,' to avoid tying up a product or marketing idea." *Jeffrey*

8    *Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 32 (2d Cir. 1995), *quoted in*

9    *Indonesian Imports, Inc. v. Smith*, No. 97-cv-3534, 1999 U.S. Dist. LEXIS 4237

10    (N.D. Cal. Mar. 30, 1999).

11        Because Plaintiffs have failed to identify their trade dress with the required

12    specificity and  are trying to protect an idea, the Court should dismiss Plaintiffs' trade

13    dress claims.

14                    **b.   Plaintiffs Have Failed to Allege That Their**

15                          **Trade Dress Has Secondary Meaning**

16        Although Plaintiffs' distinction between the "Imex Trade Dress" and

17    "Unregistered Trade Dress" may give the impression that the Imex Trade Dress is

18    registered, Plaintiffs have pleaded no trademark registrations on the Principal

19    Register for trade dress at issue in the case.[5]  As such, Plaintiffs' "product's design is

---

[4] The Court should also dismiss Plaintiffs' claims for trade dress protection over various toys that are not substantively described at all within the Complaint, *see* Compl. ¶ 36; Compl., Ex. B, ECF Doc. No. 1-2, p. 22-24; Compl., Ex. C, ECF Doc. No. 1-3, p. 16-28, and the claims related to "custom display boxes and racks," which are not described with any specificity or are alleged at such a general level of abstraction as to be meaningless and which are rife with functional elements.  *See* Compl. ¶ 80 ("This is similar to Imex's custom display racks, which are of similar height, freestanding, open in the front to display the Imex Products, decorated with the Registered Word marks and showing the Imex Trade Dress, and designed to be assembled and stand freely in store aisles to display the egg-shaped containers to shoppers.").

[5] The majority of the Registered Design Marks Plaintiffs rely on in the Complaint are registered on the Supplemental Register, and, as such, do not receive the presumptions marks on the Principal Register would receive in a litigation.

MOTION TO DISMISS

32752/000/4139371.5

distinctive, and therefore protectable, ***only upon a showing of secondary meaning***." *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 216 (2000) (emphasis added).  But Plaintiff has not even plead secondary meaning.  To establish secondary meaning, a plaintiff must establish "a mental recognition in buyers' and potential buyers' minds that products connected with the [trade dress] are associated with the same source." *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 872 (9th Cir. 2002) (citation and internal quotation marks omitted).  "To meet the plausibility standard under *Twombly*, a complaint must include sufficient facts to support an inference of secondary meaning." *Sara Designs*, 234 F. Supp.3d at 555.  Plaintiffs' have included no such facts.

"'Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant.'" *Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (*quoting Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999)).  While the Complaint may pay lip service to these considerations, none of the allegations concerning these factors pertain to Plaintiffs' trade dress as opposed to Plaintiffs' products in general.[6]  *See, e.g.*, *Jenny Yoo Collection, Inc. v. Watters Design, Inc.*, 124 U.S.P.Q.2d 1553, 1563 (S.D.N.Y. 2017) ("Plaintiff does not specifically allege that the praise resulted from the alleged trade dress itself"); *see generally Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863,

---

McCarthy § 19:37 ("A word, symbol or device on the Supplemental Register is not a 'mark' because it has not achieved the status of a 'mark.'  That is, a designation without secondary meaning, such as a descriptive slogan, is not registrable on the Principal Register.  But it can appear on the Supplemental Register even though it is only 'capable' of someday becoming a 'mark' upon the acquisition of secondary meaning.").

[6] Moreover, Plaintiffs' allegations are conclusory.  *E.g.*, Compl. ¶ 130 ("The Imex Trade Dress is distinctive and nonfunctional.").

873 (8th Cir. 1994) ("evidence [of substantial success] may not provide the basis for an inference of secondary meaning because something other than the secondary meaning of the trade dress may have been responsible for the success of the product").

For example, Plaintiffs fail to sufficiently allege the length and exclusivity of their use of the trade dress.  Instead, Plaintiffs allege in conclusory fashion that "[s]uch marks and trade dress have come to be associated exclusively with Imex," with no supporting facts or statement as to how long such marks and trade dress have been exclusively associated with Plaintiffs.  Compl. ¶ 38.  Moreover, Imex's own website undermines this allegation when it declares "[e]gg surprises have long been a favorite of children all over the world[,] [f]rom plastic eggs filled with candy to candy eggs filled with surprise toys."  RJN, Ex. C.[7]

Moreover, Plaintiffs' allegations regarding media coverage are insufficient because they are not tied to the trade dress at issue.  Plaintiffs allege that "Imex regularly uses social media platforms such as Instagram, Facebook, and YouTube to market and advertise the Imex Products," that a commercial featuring one line of products won an online marketing award, and that "Imex exhibits the Imex Products at major trade shows attended by industry representatives from all over the world."  Compl. ¶¶ 20-22.  But such allegations are not tied to the Imex Trade Dress, however that may be defined, but to the Imex Products generally.

Finally, Plaintiffs provides no data regarding the sales volume of products bearing the alleged trade dress.  They merely allege that they sell the product online and in 10,000 grocery stories with no data as to how many products are actually sold.

In sum, Plaintiffs' allegations of secondary meaning, where they exist at all, are wholly conclusory.  *See, e.g., R and A Synergy LLC v. Spanx, Inc.*, No. 17-cv-

---

[7] Plaintiffs repeatedly reference the eggstime.com website in the Complaint, and accordingly the website may be deemed incorporated by reference into the complaint. *See Ritchie*, 342 F.3d at 908.

MOTION TO DISMISS

09147, 2019 U.S. Dist. LEXIS 168266, at *23 (C.D. Cal. May 1, 2019) (internal citation omitted) ("Plaintiff makes only conclusory statements that the Sleevey products have acquired secondary meaning and distinctiveness without explaining how any of the [secondary meaning] factors . . . are satisfied."); *SHK Mgmt. v. Kilroy Realty Corp.*, No. 14-cv-02509, 2014 U.S. Dist. LEXIS 205709 (C.D. Cal. Oct. 2, 2014) ("Without alleging uniqueness or alleging that consumers uniquely associate trade dress with AKA, Korman has failed to plead the element of distinctiveness. Simply stating that the trade dress is 'inherently distinctive and/or has acquired distinctiveness' merely restates the law and therefore fails to state a claim for relief.").   Because Plaintiffs have failed to sufficiently allege secondary meaning, their trade dress claims should be dismissed.

### c.   Plaintiffs Have Failed to Allege That Their <u>Trade Dress Is Not Functional</u>

To sustain their trade dress claim, Plaintiffs are also required to plead that their trade dress is not functional.  The Supreme Court has generally stated that "a product feature is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32 (2001).  A feature also is functional if its exclusive use "would put competitors at a significant non-reputation-related disadvantage." *Id.*  Plaintiffs have failed to proffer any non-conclusory allegations related to their alleged trade dress's non-functionality, merely stating without support that "[t]he Imex Trade Dress is distinctive and nonfunctional." Compl. ¶ 130.  *See GNI Waterman LLC v. A/M Valve Co. LLC*, No. 07-cv-0863, 2007 U.S. Dist. LEXIS 68715, at *18 (E.D. Cal. Sept. 7, 2007) ("As AM Valve notes, GNI Waterman is not allowed to 'punt' on non-functionality, and its amended complaint is expected to address absence of non-functionality allegations.").  Courts have not hesitated to dismiss trade dress claims when allegations related to non-functionality were not made or when they were made in a merely conclusory fashion.  *See, e.g.*,

*Puma SE v. Forever 21, Inc.*, No. 17-cv-2523, 2017 U.S. Dist. LEXIS 211140, at *16 (C.D. Cal. June 29, 2017) (granting motion to dismiss trade dress claim for failure to sufficiently plead non-functionality).  Accordingly, the Court should dismiss the trade dress claims in Counts One, Two, and Three.  Additionally, because Plaintiffs' unfair competition claim under § 17200 and the common law rely on their defective trademark and trade dress claims, Counts Five and Six should also be dismissed.  *See Lanard Toys Ltd. v. Dimple Child LLC*, No. 19-cv-616, 2019 U.S. Dist. LEXIS 239587, at *13 (C.D. Cal. Apr. 3, 2019) (dismissing state law claims based on defective trade dress and copyright claims).

### iii.    Plaintiffs' Copyright Claim Should Be Dismissed

"To prevail on a copyright infringement claim, a plaintiff must show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Evans v. McCoy-Harris*, No. 17-cv-8345, 2019 U.S. Dist. LEXIS 42744, at *5 (C.D. Cal. Jan. 4, 2019) (quoting *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)).  "The Ninth Circuit has noted that '[t]here is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss.'" *Gadh v. Spiegel*, No. 14-cv-855, 2014 U.S. Dist. LEXIS 64081, at *6 n.2 (C.D. Cal. Apr. 2, 2014) (quoting *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945)).

Plaintiffs' copyright claims must be dismissed for failure to plausibly plead substantial similarity.  The Ninth Circuit assesses substantial similarity using both an intrinsic and extrinsic test.  *See Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1065 (C.D. Cal. 2017).  "As part of the extrinsic test, the court should only determine whether 'the protectible elements, standing alone, are substantially similar.'" *Id.* (citation omitted).  The extrinsic test is essential because "'[s]ubstantial similarity' refers to similarity of expression, not merely similarity of ideas or

concepts." *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394 (9th Cir. 1997) (quoting 17 U.S.C. § 102(b)).

Here, Plaintiffs have failed to allege what protectable elements of their copyrights have been infringed by Defendants. *See, e.g.*, *Salt Optics*, 2010 U.S. Dist. LEXIS 131388, at *18-19 ("Plaintiff makes no attempt to identify which portions of the website or catalog it accuses Defendants of infringing. . . . it is unclear whether these descriptions are meant to support Plaintiff's trade dress claims or Plaintiff's copyright claims."). Indeed, nowhere in the complaint do Plaintiffs compare elements of Defendants' works which are allegedly substantially similar to protectable aspects of Plaintiff's works. *See, e.g.*, *Evans*, 2019 U.S. Dist. LEXIS 42744, at *9 (granting motion to dismiss because Plaintiff failed to allege substantial similarity in protectable elements of work, and noting "the FAC is entirely devoid of allegations establishing the protectable elements of the infringed works. And Plaintiff makes no effort to compare the copyrightable elements of [defendants'] work with either of [plaintiff's] Works"). As such, Plaintiffs' fourth claim for copyright infringement must be dismissed.

## B.   DEFENDANTS' MOTION TO STRIKE PURSUANT TO RULE 12(F)

Defendants move to strike Plaintiffs' immaterial and impertinent allegations, made on information and belief, related to Defendants' alleged infringement of other marks not at issue in the Complaint belonging to third parties. In various places throughout the complaint, Plaintiffs allege that Zest US, KGR, and JC Sales import gray market goods bearing U.S. trademarks that are not at issue in this litigation nor owned by any party to this litigation. Compl. ¶¶ 41, 44, 50, 93. Plaintiffs' allegations regarding unadjudicated claims of unrelated marks are irrelevant to the claims made by Plaintiffs in this action and appear to be made only to paint Defendants in a negative light. Under these circumstances, the Court should grant Defendants' motion to strike Paragraphs 41, 44, 50, and 93 and all other references to

Defendants' alleged infringement of other parties' marks.  *See In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003) ("[S]econd Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) of the Federal Rules of Civil Procedure.").  *Cf. In re Apollo Grp.*, No. 10-cv-1735, 2011 U.S. Dist. LEXIS 124781, at *32 n.5 (D. Ariz. Oct. 27, 2011) ("The Court agrees that because allegations from other complaints are unproven and contested, they do not amount to 'facts' sufficient to establish a strong inference of scienter.").

To allow this case to go forward with these immaterial and impertinent allegations would be to allow Plaintiffs to force a trial within a trial and would open up a plethora of issues, facts and documents to discovery requests and discovery disputes.

**V.     CONCLUSION**

Based on the foregoing, the Court should dismiss the Complaint for failure to sufficiently allege trademark, trade dress, or copyright infringement claims.  If, instead, any of those claims survive, the Court should grant Defendants' motion to strike Paragraphs 41, 44, 50, and 93 of the Complaint and all other references to Defendants' alleged infringement of other parties' marks.

Dated:  November 1, 2022                    Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Kieran G. Doyle (admitted pro hac vice)
Joelle A. Milov (admitted pro hac vice)
Jeremy A. Berman (admitted pro hac vice)

18

32752/000/4139371.5

1

114 West 47th Street
New York, New York 10036-1525
(212) 790-9200

2

3

4

JASSY VICK CAROLAN LLP
Jean-Paul Jassy

5

Jeffrey A. Payne

6

355 South Grand Avenue, Suite 2450
Los Angeles, California 90071

7

8

*Attorneys for Defendants Zest US Wholesale,
Inc., Zest US, Adil Al Hourani, Omar Al
Hourani, KGR Distribution Corp., Ravi
Kommi, and Shims Bargain, Inc. d/b/a JC
Sales*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

MOTION TO DISMISS