_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STRIKE [28]**

Before the court is Defendants Zest US Wholesale, Inc., Zest US (together, "Zest US"), Adil Al Hourani, Omar Al Hourani, KGR Distribution Corp. ("KGR"), Ravi Kommi, and Shims Bargain, Inc., d/b/a JC Sales' ("Shims Bargain") (collectively, "Defendants") Motion to Dismiss Plaintiffs Imex Leader and Irina Grant's (collectively, "Plaintiffs") Complaint and to Strike Paragraphs 41, 44, 50, and 93 of the Complaint. (Dkt. 28.) The matter is fully briefed. (Dkt. 29-30, 33-37.)

Based on the state of the record, as applied to the applicable law, the court **GRANTS IN PART AND DENIES IN PART** the Motion. The court **GRANTS** the Motion to the limited extent it seeks to strike the specific trademarks of the allegedly infringing gray market goods as they appear in Complaint ¶¶ 41, 44, and 93, as detailed in this Order. The court **DENIES** the Motion in all other respects. The court **ORDERS** Plaintiffs to file an amended complaint within **seven (7) days** of this Order, which must remove the allegations the court orders stricken. Defendants shall file an answer to Plaintiffs' amended complaint within **twenty-one (21) days** of the filing of Plaintiffs' amended complaint.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01432-FWS-JDE                     Date: February 15, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

## I.     Relevant Background

     A.     Judicial Notice

Defendants seek judicial notice of or to incorporate by reference several materials in connection with the Motions. (Dkts. 29-30; 36-37.) The court rules as follows.

The court **GRANTS IN PART AND DENIES IN PART** Defendants' request as to Exhibits A and B, which are records from the United States Patent and Trademark Office ("USPTO"). The court will take judicial notice of Exhibits A and B for the limited purpose of the documents' existence and the dates on which they were issued. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690-91 (9th Cir. 2001) (courts "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment" but cannot take judicial notice of "disputed facts stated in public records") (cleaned up). To the extent Defendants argue these documents may be incorporated by reference because "at least one of Plaintiffs' claims depends on the registrations themselves" and are otherwise judicially noticeable, (*see* Dkt. 29 at 2), the court declines to incorporate these materials by reference. Defendants seek to admit these exhibits in connection with their arguments that Plaintiffs' registered word marks have minimal overlap with Defendants' marks, (*see* Dkt. 28 at 6), and to argue an Examiner's Amendment undermines Plaintiffs' trade dress claims, (*see id.* at 10). While the words of Plaintiffs' trademarks are relevant to Plaintiffs' trademark infringement claim, the words of the relevant marks are also alleged in the Complaint, and Defendants have not set forth a proper and relevant purpose with respect to which the remainder of these documents are integral to the Complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document.") (citation omitted).

The court **DENIES** Defendants' request as to Exhibit C, a screenshot of Plaintiff Imex's website, which is offered by Defendants to undermine Plaintiffs' allegations that Plaintiffs'

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

asserted trade dress and trademarks are associated with Plaintiffs.  (*See* Dkt. 28 at 14.)  Assuming this "screenshot[] [is] accurate and reliable in the first instance, it is improper for Defendants to offer such exhibits to demonstrate that [Plaintiffs'] mark and trade dress are generic."  *See Virgin Scent, Inc. v. Bel Air Natruals Care Corp.*, 2018 WL 5264145, at *2 (C.D. Cal. Feb. 8, 2018) (citation omitted); *see also id.* (stating that a party's "contention that the mark is, in fact, generic is an attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage") (quoting *Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 686-87 (9th Cir. 2013)).

The court **DENIES** Defendants' request as to Exhibits D and E, complaints filed by Plaintiffs in separate actions, because they are irrelevant to the court's analysis.  *See, e.g.*, *Kang v. Credit Bureau Connection, Inc.*, 523 F. Supp. 3d 1174, 1180 n.6 (E.D. Cal. 2021) (denying request to judicially notice complaint filed by plaintiff and plaintiff's counsel in separate case "[a]lthough court filings are a proper subject of judicial notice" because the complaint was "not relevant to resolving" the instant dispute) (citations omitted).

     B.    <u>Factual Background</u>

Since 2016, Plaintiff Imex has produced and sold candy and toys packaged in egg-shaped containers.  (Dkt. 1 ("Compl.") ¶ 16.).  These include six egg designs, specifically the King Egg®, Happy Egg®, Lucky Egg®, MagiK Egg®, Emoji Egg®, and Skazka Egg® (collectively, "Imex Products").  (*Id.*; *see also id.*, Exhs. A-C.)  Plaintiff Grant holds various registered and unregistered trademarks, copyrights, and trade dress for the Imex Products, and exclusively licenses them to Imex.  (*Id.* ¶¶ 27-36.)  The Imex Products are sold in retail stores and online throughout the United States, and are advertised through television, YouTube, trade shows, Imex's website, and other channels.  (*Id.* ¶¶ 18-22, 26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01432-FWS-JDE                                    Date: February 15, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

    Defendant Zest US[1] distributes products out of a warehouse in Fullerton, California. (*Id.* ¶¶ 7-8, 38.) Defendants Adil Al Hourani and Omar Al Hourani own and control Defendant Zest US. (*Id.* ¶¶ 9-10, 42.) Defendant KGR, owned and controlled by Defendant Ravi Kommi, shares the Fullerton warehouse with Defendant Zest US. (*Id.* ¶¶ 11-12, 45.) Defendant Zest US is the exclusive distributor of KGR's products throughout the West Coast. (*Id.* ¶ 11.) Defendant Shims Bargain buys products from Defendant Zest US and sells them to the general public through its Los Angeles store. (*Id.* ¶ 50.)

    Defendant Zest US formerly distributed products for Plaintiff Imex. (*Id.* ¶ 39.) In that capacity, Defendant Zest US purchased products from Plaintiff Imex worth $182,000, including custom display boxes and racks designed by Imex for use at retail locations. (*Id.*; *see also id.*, Exh. D.) In or about 2021, Plaintiffs allege that they discovered Defendants were selling their own lines of plastic eggs that contained candy and/or toys in egg-shaped containers. (*Id.* ¶ 40; *see also id.*, Exh. L.) These products are titled Cosby Fun, Toybox Drajebon (or Toybox Max), The Smileys, Mr. Egg and Mrs. Egg, and Junior Surprise Eggs ("Defendants' Products"). (*Id.*; *see also id.*, Exhs. D-J.) Defendants began manufacturing Defendants' Products after Defendant Zest US stopped buying the Imex Products from Plaintiff Imex. (*Id.* ¶¶ 39-40.) Plaintiffs also allege that Defendants packaged their products for sale in Plaintiff Imex's custom display boxes and racks. (*Id.* ¶ 40; *see also id.*, Exh. K.)

    The Complaint alleges six claims against Defendants: (1) trademark infringement under 15 U.S.C. § 1114 with respect to Plaintiffs' trademarks and the Imex Products' alleged trade dress; (2) unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) common law trademark infringement; (4) copyright infringement under 17 U.S.C. § 101, *et seq.*; (5) unfair competition under California Business & Professions Code § 17200, *et seq.*; and (6) common law unfair competition. (*See id.* ¶¶ 113-75.)

---

[1] The court refers to Defendants Zest US Wholesale, Inc. and Zest US as "Zest US" because the Complaint alleges Defendant Zest US Wholesale, Inc., is the predecessor corporation to Defendant Zest US. (*See id.* ¶ 2.)

**CIVIL MINUTES – GENERAL**                                                                                           4

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01432-FWS-JDE                                   Date: February 15, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

**II.     Legal Standard**

    A.     <u>Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)</u>

    Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

    "Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216; *see also Iqbal*, 556 U.S. at 681.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)).  On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216).  But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).  Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint.  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

B.   Motion to Strike under Federal Rule of Civil Procedure 12(f)

Under Rule 12(f), the court may strike from a pleading an insufficient defense or redundant, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). In evaluating a motion to strike, the court accepts the nonmoving party's allegations as true and liberally construes the pleadings in the nonmoving party's favor. *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 809 (N.D. Cal. 2019); *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1095 (S.D. Cal. 2016).

Motions to strike "are generally regarded with disfavor." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted). They "'are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *LockandLocate, LLC v. Hiscox Ins. Co.*, 549 F. Supp. 3d 1093, 1098 (C.D. Cal. 2021) (quoting *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019)). Viewed in isolation, the text of Rule 12(f) does not require a showing of prejudice. *See* Fed. R. Civ. P. 12(f). Regardless, many courts require a moving party to demonstrate adequate prejudice before exercising their discretion to grant a motion to strike, even if the "offending matter literally was within one or more of the categories set forth in Rule 12(f)." *See, e.g.*, *N.Y.C. Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (cleaned up).

### III. Discussion

#### A. Motion to Dismiss

1. *Plaintiffs' Claims for Trademark Infringement, False Designation of Origin, and Unfair Competition*

Claims for common law trademark infringement are subject to the same standard as claims for federal trademark infringement. *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 (9th Cir. 2005) ("The test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion.") (citation omitted). And while "there are some differences between a claim under § 1114 (trademark infringement) and

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

§ 1125(a) (false designation of origin), 'the analysis under the two provisions is oftentimes identical.'" *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) (quoting *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 n.8 (9th Cir. 1999)); *see also Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ("The test for false designation under the Lanham Act, as well as the common-law and statutory unfair competition claims, is whether there was a 'likelihood of confusion.'") (citation omitted), *holding modified on other grounds by Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir. 2005); *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008). Additionally, Plaintiff's claims for unfair competition under federal and California state law are analyzed under the same legal standards. *See Wecosign*, 845 F. Supp. 2d at 1079 (noting the Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims under the Lanham Act") (quoting *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)); *Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) ("The 'ultimate test' for unfair competition [under the Lanham Act] is exactly the same as for trademark infringement: 'whether the public is likely to be deceived or confused by the similarity of the marks.'") (citation omitted); *see also Walter*, 210 F.3d at 1111; *Jada Toys*, 518 F.3d at 632; *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012). Accordingly, the court considers Plaintiff's first, second, third, fifth, and sixth claims under the framework for trademark infringement under the Lanham Act. *See* 15 U.S.C. § 1114.

To succeed on a claim of trademark infringement under the Lanham Act, a plaintiff "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (internal quotation marks omitted) (citing 15 U.S.C. § 1114; *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)). To determine whether a likelihood of consumer confusion exists, courts in the Ninth Circuit "rel[y] on the eight-factor *Sleekcraft* test." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1106 (9th Cir. 2016). Courts consider the following "*Sleekcraft* factors":

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

>   (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines.

*Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1160 (9th Cir. 2021) (citations omitted); *see also AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003)).  Although the "*Sleekcraft* factors 'channel the analytical process,' they do not necessarily dictate a result." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1125 (9th Cir. 2014) (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141 (9th Cir. 2002)). Accordingly, "it is 'the totality of facts in a given case that is dispositive.'" *Id.* (quoting *Entrepreneur Media*, 279 F.3d at 1141).

   Defendants argue that Plaintiffs' first, second, third, fifth, and sixth claims should be dismissed for failing to adequately plead a likelihood of confusion with respect to the alleged word marks.  (Dkts. 28 at 5-7; 35 at 7-8.)  Plaintiffs argue the Complaint adequately pleads Plaintiffs' ownership and registration of valid, protectible trademarks and initial interest confusion.  (Dkt. 33 at 5-7, 22-23.)  Defendants do not substantively challenge Plaintiffs' ownership of the alleged marks.  (*See* Dkt. 28 at 57; *see also* Compl. ¶¶ 27-29, 36.)

   Much of Defendants' argument concerns differences between the specific letters on the egg-shaped containers of the parties' respective products.  As Plaintiffs note, the Complaint alleges Defendants infringe on Plaintiffs' trademarks "by copying Imex's custom display boxes and racks displaying [P]laintiffs' registered marks, and by using Imex's custom display boxes and racks to sell defendants' own products and create initial interest confusion." (*See* Opp. at 7 (citing Compl. ¶¶ 40, 49, 51, 83, 117 & Exh. K).)  Initial interest confusion is "customer confusion that creates initial interest in a competitor's product," even though it is "dispelled before an actual sale occurs." *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1025 (9th Cir. 2004) (citing *Brookfield*, 174 F.3d at 1057, 1062-63).  The Complaint relevantly alleges that Plaintiffs own valid, protectable trademarks and Defendants had access to the Imex Products bearing these trademarks through their business dealings and

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

communications with Plaintiffs.  (*See* Compl. ¶¶ 27-29, 39-40, 42-43, 45-49.)  The Complaint also alleges that Defendants created Defendants' Products, which are similar to the Imex Products, and market and sell those products in Plaintiffs' custom display racks and boxes.  (*See id.* ¶¶ 51-80.)

Based on the relevant allegations and the court's review of the photographs of Defendants' Products and the Imex Products attached to the Complaint, (*id.*, Exhs. A-L), the court finds there are sufficient similarities between the egg-shapes, coloring, depictions of faces, and prominent and colorful lettering of the Imex Products' and Defendants' Products' containers, as well as in the size and styling of the parties' products' display boxes, to maintain Plaintiffs' claims for trademark infringement, false designation of origin, and unfair competition.  *See Ferrero S.p.A v. Imex Leader, Inc.*, 2018 WL 11346538, at *8-10 (C.D. Cal. May 8, 2018) (finding similarities in packaging's pattern, color scheme, and lettering between parties' egg-shaped products sufficient to allege similarity at the motion to dismiss stage); *cf. Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) ("[I]t is a rare situation in which granting a motion to dismiss is appropriate when a case involves questions of consumer confusion.") (citations and internal quotation marks omitted); J. Thomas McCarthy, 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:121.75 (5th ed. 2022).

Having found that the Complaint plausibly alleges the elements required to sustain Plaintiffs' claims for trademark infringement, unfair competition, and false designation of origin, the court **DENIES** the Motion as to those claims.

### 2. *Plaintiffs' Claims for Trade Dress Infringement*

As a threshold matter, Defendants argue Plaintiffs have not pleaded their trade dress with sufficient particularity.  (Dkt. 28 at 8-12; 35 at 2-3.)  Plaintiffs assert the Complaint's allegations provide Defendants with sufficient notice of the asserted Imex Trade Dress.  (Dkt. 33 at 10-13.)

The court agrees with Plaintiffs.  "Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

___

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

___

combinations, texture or graphics." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (citations and internal quotation marks omitted). The Complaint alleges that the Imex Trade Dress consists of nonfunctional artwork, designs, various character names and faces, and/or art depicting stories on the Imex Products' egg-shaped containers. (Compl. ¶ 17; *see also id.*, Exhs. A-C.) It also alleges that the Imex Trade Dress includes nonfunctional word marks displayed on the packaging, and the functional feature of including nutritional content. (*Id.* ¶¶ 17-18.) It provides a multitude of images of examples. (*See id.*, Exhs. A-C.) The court finds these allegations sufficient at this stage of the proceedings. *See Deckers Outdoor Corp. v. Fortune Dynamic, Inc.,* 2015 WL 12731929, at *4 (C.D. Cal. May 8, 2015) (agreeing with other courts that "have concluded that listing the elements of a trade dress and providing an image of a product bearing the dress sufficiently identifies the trade dress over which plaintiff claims exclusive rights") (citation omitted).

To state a claim for trade dress infringement, a plaintiff must show that "(1) that its claimed dress is nonfunctional; (2) that its claimed dress serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendant's product or service creates a likelihood of consumer confusion." *Clicks Billiards*, 251 F.3d at 1258 (citations omitted).

There are two types of functionality: "'utilitarian functionality,' which is based on how well the product works, and 'aesthetic functionality,' which is based on how good the product looks." *Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 865 (9th Cir. 2020); *see also TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 32-33 (2001). "A claimed trade dress has utilitarian functionality if it is essential to the use or purpose of a product or affects its cost or quality." *Id.* To determine whether a design has utilitarian functionality, courts weigh "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Millennium Lab'ys, Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1128 (9th Cir. 2016) (quoting *Disc Golf Association, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998)). "A claimed trade dress has aesthetic functionality if it serves an aesthetic purpose wholly independent of any source identifying function, such that the trade dress's protection

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

under trademark law would impose a significant non-reputation-related competitive disadvantage on its owner's competitors." *Blumenthal Distrib.*, 963 F.3d at 865. In assessing aesthetic functionality, courts consider "whether, if one seller were given exclusive rights to use the claimed trade dress, other sellers would be forced to use alternative designs that make their products more costly to sell, or for which consumers' willingness to pay would be lower for reasons having nothing to do with the reputation of any source (e.g., the alternative designs would not have as much intrinsic aesthetic appeal)." *Id.* "The fact that individual elements of the trade dress may be functional does not necessarily mean that the trade dress as a whole is functional; rather, 'functional elements that are separately unprotectable can be protected together as part of a trade dress.'" *Clicks Billiards*, 251 F.3d at 1259 (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 842 (9th Cir. 1987)).

Defendants argue Plaintiffs' first, second, third, fifth, and sixth claims fail to the extent they assert trade dress infringement because Plaintiffs' trade dress is functional, lacks distinctiveness, and has no secondary meaning. (Dkts. 28 at 7-16; 35 at 1-7.) Plaintiffs maintain the Complaint adequately alleges that Plaintiffs' product packaging is non-functional, has acquired secondary meaning, and is distinctive. (Dkt. 33 at 8-19.)

The court finds the Complaint plausibly alleges the Imex Trade Dress is nonfunctional. As stated, the Complaint alleges that the Imex Trade Dress consists of nonfunctional artwork and word marks displayed on the Imex Products' packaging, designs, various character names and faces, and/or art depicting stories on the Imex Products' egg-shaped containers. (Compl. ¶¶ 17-18; *see also id.*, Exhs. A-C.) Without deciding the validity of Plaintiffs' asserted trade dress, the court finds that Plaintiffs adequately allege the Imex Trade Dress's nonfunctionality to survive a motion to dismiss. *See also Fuddruckers*, 826 F.2d 837, 843 (9th Cir. 1987) ("Functionality is a question of fact.").

"A trade dress has acquired secondary meaning when consumers associate the design features with a particular producer." *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 754 (9th Cir. 2018) (citing *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 967 (9th Cir. 2011)). "The basic element of secondary meaning is a mental recognition in buyers' and potential buyers' minds that products connected with the [mark] emanate from or are associated

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

with the same source." *Fleischer*, 654 F.3d at 967 (quoting *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 820 (9th Cir. 1980)). "'[A] single, albeit anonymous, source' suffices." *P & P Imports LLC v. Johnson Enters., LLC*, 46 F.4th 953, 960 (9th Cir. 2022) (quoting 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 15:8 (5th ed. 2021)). "Some of the relevant factors for determining secondary meaning include the exclusivity, manner, and length of use of the trade dress, the amount and manner of advertising, the amount of sales, and proof of intentional copying by the defendant." *Adidas Am.*, 890 F.3d at 754 (citing *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009)).

The court finds the Complaint sufficiently alleges secondary meaning. The Complaint alleges the Imex Trade Dress has acquired secondary meaning among consumers via Plaintiffs' promotions and sales of the Imex Products, namely through widely disseminated television advertisements, social media promotions, extensive sales through retail and online outlets, and their presence at trade shows. (*See* Compl. ¶¶ 17-22, 26.) Again, without deciding the validity of Plaintiffs' asserted trade dress, the court finds that Plaintiffs sufficiently allege secondary meaning to withstand a motion to dismiss. *See First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, 1383 (9th Cir. 1987) ("Whether a particular trade dress has acquired secondary meaning is a question of fact.").

Finally, likelihood of confusion "turns on whether a reasonably prudent consumer would be confused about the source of the goods bearing the marks." *Adidas Am.*, 890 F.3d at 755 (citing *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998)). "Likelihood of confusion in the trade dress context is evaluated by reference to the same factors used in the ordinary trademark context," i.e., the *Sleekcraft* factors. *Id.* (quoting *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 616 (9th Cir. 1989)). Defendants do not separately challenge the likelihood of confusion with respect to Plaintiffs' trade dress claims. (*See generally* Dkt. 28.) As discussed in the context of Plaintiffs' trademark infringement claims, the court finds the court finds the Complaint sufficiently alleges likelihood of confusion.

Because the court finds the Complaint plausibly alleges the necessary elements of Plaintiffs' claims for trade dress infringement, the court **DENIES** the Motion as to those claims.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

      3.  *Plaintiffs' Claim for Copyright Infringement*

      To state a claim for copyright infringement, Plaintiffs must show that (1) they own a valid copyright in their work and (2) Defendants copied protected aspects of the work. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful' appropriation." *Skidmore*, 952 F.3d at 1064 (citation omitted). Under the first prong, "a plaintiff must prove that a defendant copied the work." *Id.* (citing *Feist*, 499 U.S. at 345-46). In the absence of direct evidence of copying, a plaintiff must show that a defendant had "access" to the work. *Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) (citation omitted). "On the other hand, the hallmark of 'unlawful appropriation' is that the works share substantial similarities." *Skidmore*, 952 F.3d at 1064 (citation omitted).

      The unlawful appropriation test "contains an extrinsic and intrinsic component." *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020). "Only if the extrinsic analysis succeeds does the so-called 'intrinsic' analysis takes place." *Id.* (citation omitted). "The extrinsic test requires a three-step analysis: (1) the plaintiff identifies similarities between the copyrighted work and the accused work; (2) of those similarities, the court disregards any that are based on unprotectable material or authorized use; and (3) the court must determine the scope of protection ('thick' or 'thin') to which the remainder is entitled 'as a whole.'" *Id.* (citation omitted). "[T]he intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006), *overruled on other grounds by Skidmore*, 952 F.3d 1051 (9th Cir. 2020)

      "Before analyzing substantial similarity," the court "determine[s] whether a copyright is entitled to 'thin' or 'broad' protection." *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1260 (9th Cir. 2021) (citing *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913-14 (9th Cir. 2010)); *see id.* at 1261 ("[T]he district court must determine the scope of a work's copyright protection in the first instance.") (citations omitted). Where "there's a wide range of expression . . . , then copyright protection is broad and a work will infringe if it's 'substantially similar' to

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

the copyrighted work." *Id.* (alteration in original) (quoting *Mattel*, 616 F.3d at 913-14). But "[i]f there's only a narrow range of expression . . . , then copyright protection is 'thin' and a work must be 'virtually identical' to infringe." *Id.* (alteration in original) (quoting *Mattel*, 616 F.3d at 914).

Defendants contend Plaintiffs' copyright claims fail because the Complaint does not plausibly demonstrate substantial similarity.[2] (Dkts. 28 at 16-17; 35 at 8-10.) Plaintiffs assert

___

[2] Plaintiffs dispute a position taken by Defendants in a footnote to the Motion that the Copyright Act preempts Plaintiffs' claims related to trade dress infringement. (Dkt. 33 at 22 (citing Dkt. 28 at 10 n.3).) While "[c]ourts limit application of the Lanham Act in areas traditionally occupied by copyright or where the copyright laws 'provide[] an adequate remedy,'" *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1244 (W.D. Wash. 2007) (second alteration in original) (quoting *Shaw v. Lindheim*, 919 F.2d 1353, 1365 (9th Cir. 1990), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003)), "[p]arallel claims under the Copyright Act and Lanham Act, however, are not per se impermissible," *id.* (citing *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994)). Because Defendants assert that "any claim" brought by Plaintiffs of trade dress infringement of copyrighted works "is preempted by the Copyright Act" without sufficiently demonstrating Plaintiffs' causes of action fail to protect differentiable rights, (Dkt. 28 at 10 n.3), the court finds, at this stage, that Defendants have insufficiently shown Plaintiffs' trade dress "claims will cause the Lanham Act to conflict with the law of copyright" in a manner that Plaintiffs cannot proceed with their copyright and trademark claims concurrently, *see Mercado Latino, Inc. v. Indio Prods., Inc.*, 649 Fed. App'x. 633, 634 (9th Cir. 2016) (cleaned up) (reasoning that *Shaw* and *Dastar* "addressed the narrow instance in which a plaintiff alleges the defendant has violated the Lanham Act by falsely designating the origin of a 'communicative product,' i.e., a product 'that is valued not primarily for its physical qualities, such as a hammer, but for the intellectual content that it conveys, such as a book or . . . a video'" and did not "address[] traditional trademark and trade dress claims that allege a defendant's production of tangible goods are so similar to the plaintiffs as to confuse consumers") (quoting *Dastar*, 539 U.S. at 33); *see also* J. Thomas McCarthy, 5 MCCARTHY ON TRADEMARKS AND UNFAIR

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

the Complaint adequately alleges substantial similarity and also refer to the Complaint's allegations regarding Plaintiff Grant's copyright ownership and Defendants' access to the subject works. (Dkt. 33 at 19-22.) Defendants do not sufficiently challenge the Complaint's allegations concerning access or copyright validity. (*See generally* Dkt. 28; *see also* Compl. ¶¶ 31-40.)

"It is well established that an artistic packaging design or label is entitled to copyright protection." *Sugarfina, Inc. v. Sweet Pete's LLC*, 2017 WL 4271133, at *7 (C.D. Cal. Sept. 25, 2017) (quoting *Parfums Givenchy, Inc. v. C&C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1391 (C.D. Cal. 1993)). As noted, the Imex Products each reflect various creative elements superimposed on an egg-shaped container, notably cartoonish facial features or an artistic depiction of characters in a story setting, bold coloring and lettering, and stylistic font choices. (*See* Compl., Exhs. A-L.) At this stage of the proceedings, and based on a review of the photographs of the Imex Products filed with the court demonstrating variances in their creative elements within the product lines of the Imex Products, (*see id.*), the court finds Plaintiffs are required to plausibly allege substantial similarity between the IMEX Products and Defendants' Products, *see L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 851-52 (9th Cir. 2012) (concluding that stylized fabric designs comprised of original selection, coordination, and arrangements of pattern's constituent elements are "properly entitled to 'broad' copyright protection," and thus "it is not necessary that [d]efendants' design be 'virtually identical' to infringe") (citation omitted).

Analyzing similarities between the "shapes, colors, materials, and arrangement of the [artistic] representations," *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002), of the images of the Imex Products and Defendants' Products submitted to the court, (*see* Compl., Exhs. A-L; *see also id.* ¶¶ 51-80), the court concludes the Imex Products are

___

COMPETITION § 27:78.30 & n.8 (5th ed. 2022); *cf. OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018) ("In *Dastar*, the Supreme Court explained that the term 'origin' in section 43 'refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.'") (quoting *Dastar*, 539 U.S. at 37).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01432-FWS-JDE                                     Date: February 15, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

___

sufficiently similar to Defendants' Products to survive a motion to dismiss.  Though the court observes there are some articulable "differences in the two parties' packaging, '"[s]uperficial changes" to the characteristics of a copyrighted work in an accused work may be considered "an attempt to disguise an intentional appropriation."'"  *See Sugarfina*, 2017 WL 4271133, at *7 (C.D. Cal. Sept. 25, 2017) (alteration in original) (quoting *Ty, Inc. v. GMA Accessories*, 959 F.Supp. 936, 942 (N.D. Ill. 1997) (quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 619 (7th Cir. 1982))).  Thus, at this stage in the proceedings, the court finds the objective similarities between the protectible elements of the Imex Products and Defendants' Products are sufficient to plausibly plead substantial similarity, and therefore Plaintiffs have adequately stated a copyright infringement claim.

Because the court finds the Complaint plausibly alleges Plaintiffs' copyright infringement claim, the court **DENIES** the Motion as to that claim.

B.      Motion to Strike

Defendants also move to strike ¶¶ 41, 44, 50, and 93 of the Complaint, which they contend relate to alleged infringement of trademarks not at issue in this action.  (Dkts. 28 at 17-18; 35 at 10.)  Plaintiffs argue this material is relevant and otherwise not subject to a motion to strike because they pertain to Defendants' alleged involvement of sales of "gray market goods," which impact Plaintiffs' requested remedies and support the pleading of "control person liability."  (Dkt. 33 at 23-25.)

"The Supreme Court has explained that a gray-market good is 'a foreign-manufactured good, bearing a valid United States trademark, that is imported without the consent of the United States trademark holder.'"  *Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1092 (9th Cir. 2013) (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 285 (1988)).  Absent an exception not relevant here, "[t]rademark law generally does not reach the sale of genuine goods bearing a true mark even though such sale is without the mark owner's consent."  *NEC Elecs. v. CAL Cir. Abco*, 810 F.2d 1506, 1509 (9th Cir. 1987) (citations omitted).  Accordingly, in the "classic-gray market case," courts "analyze the 'genuine goods' question as a threshold matter."  *Hokto Kinoko*, 738 F.3d at 1092.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

___

Case No.: 8:22-cv-01432-FWS-JDE  Date: February 15, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

___

In this case, Plaintiffs' allegations concern the sale of Defendants' Products, which Plaintiffs contend are confusingly similar to the Imex Products and sold in Plaintiffs' own custom display boxes, as well as in boxes similar to Plaintiffs'. The Complaint does not allege that Defendants are reselling otherwise genuine foreign-manufactured goods bearing Plaintiffs' marks to consumers without Plaintiffs' consent. Accordingly, this action is not a "gray market" case.

As noted, "[m]otions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, 994 F. Supp. 2d 1082, 1090 (E.D. Cal. 2014) (citation omitted). While ¶ 50 does not list any specific trademarks, ¶¶ 41, 44, and 93 of the Complaint each allege a Defendant sells gray-market goods bearing particular widely known trademarks. (*See* Compl. ¶¶ 41, 44, 93.) Plaintiffs argue that "associating" the allegedly infringing Defendants' Products with these purportedly "substandard and unauthorized gray market goods and other products" harms them, but the Complaint does not plausibly connect the dots from these *specific* marks to Plaintiffs' substantive claims. (*See id.* ¶¶ 41, 44, 93.)

Because the court finds the specific identities of these alleged gray market goods are not relevant, appear inflammatory, and retaining these allegations could be prejudicial to Defendants, the court **GRANTS IN PART** Defendants' Motion to Strike and **ORDERS** the specific trademarks of the alleged gray market goods as they appear in Complaint ¶¶ 41, 44, and 93[3] stricken from the Complaint. *See, e.g.*, *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478-79 (C.D. Cal. 1996), *abrogated in part on other grounds by Whittlestone*, 618 F.3d at 975-76. Otherwise, the court finds, at this stage of the proceedings, it is not sufficiently clear that the remaining allegations Defendants seek to strike from ¶¶ 41, 44, 50, and 93 "could have no possible bearing on the subject matter of the litigation." *See United States v. Sequel*

___

[3] As alleged in the Complaint: Peppa Pig, PAW Patrol, Spongebob SquarePants, Frozen, The Avengers, Barbie, L.O.L. Surprise, Tom & Jerry, Baby Shark, Ferrero, Mondelez, Dora The Explorer. (*See* Compl. ¶¶ 41, 44, 93.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01432-FWS-JDE | Date: February 15, 2023 |
| Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.* | |

*Contractors, Inc.*, 402 F. Supp. 2d 1142, 1148 (C.D. Cal. 2005) (citation omitted).  As such, the court **DENIES IN PART** Defendants' Motion to Strike with respect to the remaining allegations.

**IV.    Disposition**

   For the reasons set forth above, the court **GRANTS IN PART AND DENIES IN PART** the Motion, (Dkt. 28).  The court **GRANTS** the Motion to the limited extent it seeks to strike the specific trademarks of the allegedly infringing gray market goods as they appear in Complaint ¶¶ 41, 44, and 93[4] and **ORDERS** Plaintiffs to file an amended complaint within **seven (7) days** of this Order, which must remove the subject allegations.  The court **DENIES** the Motion in all other respects.  Defendants shall file an answer to Plaintiffs' amended complaint within **twenty-one (21) days** of its filing.


   **IT IS SO ORDERED.**

                                                                                       Initials of Deputy Clerk:  mku

---

[4] For clarity, the identities of the alleged trademarks that must be stricken are: Peppa Pig, PAW Patrol, Spongebob SquarePants, Frozen, The Avengers, Barbie, L.O.L. Surprise, Tom & Jerry, Baby Shark, Ferrero, Mondelez, and Dora The Explorer.  (*See* Compl. ¶¶ 41, 44, 93.)

___