**COWAN, LIEBOWITZ & LATMAN, P.C.**
KIERAN G. DOYLE (admitted pro hac vice)
  kgd@cll.com
JOELLE A. MILOV (admitted pro hac vice)
  jam@cll.com
DASHA CHESTUKHIN (admitted pro hac vice)
  dxc@ccl.com
JEREMY A. BERMAN (admitted pro hac vice)
  jab@cll.com
114 West 47th Street, 21st Floor
New York, NY 10036-1525
Telephone:  212-790-9261
Facsimile:   212-575-0671

Attorneys for Defendants
ZEST US WHOLESALE, INC.; ZEST US;
ADIL AL HOURANI; OMAR AL
HOURANI; KGR DISTRIBUTION CORP.;
and RAVI KOMMI; SHIMS BARGAIN, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION – SANTA ANA**

| | |
|---|---|
| IMEX LEADER, INC., a California corporation; and IRINA GRANT,<br><br>Plaintiffs,<br><br>vs.<br><br>ZEST US WHOLESALE, INC., a California corporation; ZEST US, a California corporation; ADIL AL HOURANI, an individual; OMAR AL HOURANI, an individual; KGR DISTRIBUTION CORP., a New Jersey corporation; and RAVI KOMMI, an individual; SHIMS BARGAIN, INC., a California corporation, doing business as JC SALES; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:22–cv–01432–FWS–JDE<br><br>Honorable Fred W. Slaughter<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ISSUANCE OF REQUEST TO THE REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2)**<br><br>Date:   August 17, 2023<br>Time:   10:00 a.m.<br>Crtrm.: 10D |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 17, 2023, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 10D of the United States District Court for the Central Division of California, Southern Division, located at 411 West 4th Street, Santa Ana, CA 92701, the Defendants Zest US Wholesale, Inc.; Zest US; Adil Al Hourani; Omar Al Hourani; KGR Distribution Corp.; Ravi Kommi; and Shims Bargain, Inc. dba JC Sales (collectively, "Defendants"), will and hereby do move the Court to issue a request to the Register of Copyrights, pursuant to 17 U.S.C. § 411(b)(2), to advise the Court whether the inaccurate information that was included on the applications for Copyright Registration No. VAu001405148, Copyright Registration No. VAu001405147, Copyright Registration No. VAu001406848 and Copyright Registration No. VAu001405142 would, if known to the Register, have caused the Register to refuse registration.

**This Motion is made following a conference of counsel pursuant to Local Rule of Court 7-3 which took place on June 29, 2023.**

Defendants' motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the accompanying Declaration of Jeremy A. Berman and exhibits; and any other and further evidence and arguments that may be received by the Court.

Dated: July 6, 2023

COWAN, LIEBOWITZ & LATMAN, P.C.

By: /s/ Kieran G. Doyle
Kieran G. Doyle (admitted pro hac vice)

Attorneys for Defendants
ZEST US WHOLESALE, INC.; ZEST US; ADIL AL HOURANI; OMAR AL HOURANI; KGR DISTRIBUTION CORP.; and RAVI KOMMI; SHIMS BARGAIN, INC.

- 1 -

32752/000/4390192.1

# TABLE OF CONTENTS

I.  Introduction ........................................................................................................ 1

II. Argument ........................................................................................................... 1

    A.  Plaintiffs Knowingly Provided Material False Information To The United States Copyright Office................................................................ 1

    B.  Plaintiff Knowingly Made Material Misrepresentations To The Register Of Copyrights That Render The Registrations Invalid .............. 8

    C.  17 U.S.C. § 411(b)(2) Mandates That The Register Of Copyrights Be Consulted Before A Copyright Registration Obtained On The Basis Of Inaccurate Information Is Found To Be Insufficient To Support An Infringement Action ....................................................... 10

CONCLUSION................................................................................................... 14

# TABLE OF AUTHORITIES

### Cases

*Archie MD, Inc. v. Elsevier, Inc.*,
    261 F. Supp. 3d 512 (S.D.N.Y. 2017) ................................................................ 2

*Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*,
    2023 U.S. Dist. LEXIS 62711 (C.D. Cal. Mar. 17, 2023) ................................ 8, 12

*Lieb v. Korangy Publ'g, Inc.*,
    2022 U.S. Dist. LEXIS 69510 (E.D.N.Y. Apr. 14, 2022) ................................ 13, 14

*Neman Bros. & Assoc. v. Interfocus, Inc.*,
    2023 U.S. Dist. LEXIS 2143 (C.D. Cal. Jan. 4, 2023) ........................................ 13

*Palmer/Kane LLC v. Rosen Book Works LLC*,
    204 F. Supp. 3d 565 (S.D.N.Y. 2016) .............................................................. 3, 10

*Reed Elsevier, Inc. v. Muchnick*,
    559 U.S. 154, 157 (2010) ...................................................................................... 9

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,
    137 S. Ct. 1002 (2017) .......................................................................................... 2

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
    142 S. Ct. 941 (2022) .......................................................................................... 12

*Urban Textile, Inc. v. Cato Corp.*,
    2016 U.S. Dist. LEXIS 193921 (C.D. Cal. Apr. 1, 2016) .................................... 2

### Statutes

17 U.S.C. § 101 .............................................................................................................. 1

17 U.S.C. § 410(d) ........................................................................................................ 3

17 U.S.C. § 411(a) ........................................................................................................ 9

17 U.S.C. § 411(b)(1) ............................................................................................. 9, 14

17 U.S.C. ¶ 2 (repealed) ............................................................................................. 13

17 U.S.C. ¶ 26 (repealed) ........................................................................................... 13

17 U.S.C. ¶ 9 (repealed) ............................................................................................. 13

Other Authorities

Group Registration of Unpublished Works, 82 Fed. Reg. 47,415 (Oct. 12, 2017).....3

Group Registration of Unpublished Works, 84 Fed. Reg. 3693 (Feb. 13, 2019) .......2

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices (3d ed. 2021)..................................................................................................................2, 13

Treatises

William F. Patry, *Patry on Copyright* ......................................................................3

Regulations

37 C.F.R. § 202.4(c) ................................................................................................2, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

In this lawsuit, Plaintiffs allege that Defendants have infringed their registered copyrights in numerous works of visual art.  *See* Second Amended Complaint, ECF No. 58 ("SAC"), ¶¶ 30-34.  Defendants hereby respectfully move the Court to issue a request to the Register of Copyrights, pursuant to 17 U.S.C. § 411(b)(2), to confirm the invalidity of four federal copyright registrations relied upon by Plaintiffs for 33 of their copyright infringement claims in this action.  As set forth below, Plaintiff Irina Grant knowingly submitted inaccurate and material information to the Copyright Office in applying for the registrations.  Accordingly, following receipt of a statutorily mandated advisory opinion of the Register of Copyrights, this Court should invalidate the registrations, and find that any claims of alleged copyright infringement in this lawsuit that are based upon the invalid registrations fail as a matter of law.

## II.    Argument

### A.    Plaintiffs Knowingly Provided Material False Information To The United States Copyright Office

Pursuant to a final rule dated February 13, 2019, the regulations of the U.S. Copyright Office were amended to provide a new administrative accommodation for Group Registration of Unpublished Works (GRUW).  "Publication" is defined in the U.S. Copyright Act as:

> the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending.  The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication.  A public performance or display of a work does not of itself constitute publication.

17 U.S.C. § 101.

Under the GRUW option, a group of unpublished works may be registered with the U.S. Copyright Office under one application, for a single filing fee, provided that the following conditions have been met:

- All of the works in the group must be unpublished.
- All of the works must be registered in the same administrative class.
- The group may include no more than ten works (or up to twenty works when registering a sound recording together with the work embodied in that recording).
- The applicant must provide a title for each work.
- All of the works must be created by the same author or the same joint authors, the authorship statement for each author or joint author must be the same, and the author or joint authors must be named as the claimant for each work.

*See* 37 C.F.R. § 202.4(c); Group Registration of Unpublished Works; 84 Fed. Reg. 3693 (Feb. 13, 2019). "Works that do not satisfy these requirements cannot be registered with this group registration option." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1106 (3d ed. 2021).[1]

"GRUW is intended to benefit individual creators and small businesses who otherwise might not register their unpublished works on an individual basis." *Id*. There is no corresponding provision for group registration of published works. As a leading commentator notes,

---

[1] Courts have relied on the Compendium in numerous copyright cases. *See, e.g., Archie MD, Inc. v. Elsevier, Inc.*, 261 F. Supp. 3d 512, 515-16 (S.D.N.Y. 2017) (relying on the Compendium in stating that "the Register has already advised the Court that the Copyright Office would have refused registration of the Work as part of an unpublished collection had the Office known that the Work was published"); *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1014 (2017) (citing the Compendium for the proposition that "conceptual separability applies if the feature physically could not be removed from the useful article by ordinary means"); *Urban Textile, Inc. v. Cato Corp.*, 2016 U.S. Dist. LEXIS 193921, *12 (C.D. Cal. Apr. 1, 2016) (citing the Compendium for the proposition that "[a] published design included in an unpublished collection copyright registration application cannot be registered as part of the collection.").

> Such "group" registration is advantageous since for one fee it permits an applicant to register multiple works, all of which are entitled individually to the section 410(c) presumption and which may be sued upon individually. A valid group registration also satisfies sections 411(a) and 412 for each and every work in the group, thereby permitting (but not requiring) a separate award of statutory damages per work. Because of these important advantages, compliance with the applicable regulations should be strictly enforced.

William F. Patry, *Patry on Copyright* § 17:92; *see Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016); *see also* Group Registration of Unpublished Works, 82 Fed. Reg. 47,415 (Oct. 12, 2017) (describing the advantages to copyright claimants as well as the substantial burdens on the Copyright Office imposed by group registrations of unpublished works).

On June 14, 2020 Plaintiff Irina Grant filed four separate applications with the U.S. Copyright Office to register four purported "groups of unpublished works." Based on Plaintiff's applications, the Copyright Office issued the following registrations:

1. Registration No. VAu001405148, with an effective date of registration of June 14, 2020,[2] for "Magik Egg 'Autumn' and 9 Other Unpublished Works," covering the works:
    a. Magik Egg "Autumn";
    b. Magik Egg "Flower";
    c. Magik Egg "Moon";
    d. Magik Egg "Ocean";
    e. Magik Egg "Rainbow";
    f. Magik Egg "River";

---

[2] "The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d).

      g. Magik Egg "Sky";

      h. Magik Egg "Spring";

      i. Magik Egg "Summer"; and

      j. Magik Egg "Sunshine."

2. Registration No. VAu001405147, with an effective date of registration of June 14, 2020, for "King Egg 'Snoopy' and 3 Other Unpublished Works," covering the works:

      a. King Egg "Snoopy";

      b. King Egg "Sweetie";

      c. Magik Egg "Star"; and

      d. Magik Egg "Winter."

3. Registration No. VAu001406848, with an effective date of registration of June 14, 2020, for "Skazka Egg 'Pinokio' and 8 Other Unpublished Works," covering the works:

      a. Skazka Egg "Pinokio";

      b. Skazka Egg "At the Pike's Behest";

      c. Skazka Egg "The Frog Princess";

      d. Skazka Egg "Thumbelina";

      e. Skazka Egg "The Golden Fish";

      f. Skazka Egg "The Gingerbread Man";

      g. Skazka Egg "Puss in Boots";

      h. Skazka Egg "Little Red Riding Hood"; and

      i. Skazka Egg "Riaba the Hen."

4. Registration No. VAu001405142, with an effective date of registration of June 14, 2020, for "King Egg 'Beauty' and 9 Other Unpublished Works," covering the works:

      a. King Egg "Beauty";

      b. King Egg "Candy";

    c.  King Egg "Cricky";

    d.  King Egg "Cutie";

    e.  King Egg "Dreamy";

    f.  King Egg "Funny";

    g.  King Egg "Goofy";

    h.  King Egg "Grumpy";

    i.  King Egg "Pooky"; and

    j.  King Egg "Pretty."

In their May 22, 2023 Responses to Interrogatories, Plaintiffs admitted that the applications that resulted in the four registrations referenced above contained a substantial and material factual inaccuracy that was known to Plaintiff Grant – or to which she was at best willfully blind – when she filed the applications.

Specifically, Defendants' Interrogatory No. 18 asked "With respect to each of the Copyrighted Works, state the date, if any, on which copies of such Copyrighted Work were first distributed to the public." *See* Declaration of Jeremy A. Berman ("Berman Decl.") Exh. A. Plaintiffs' Responses, verified by Irina Grant in her individual capacity as well as on behalf of Plaintiff Imex Leader, Inc., state the following dates of first distribution with respect to the above-referenced works:

| Title of Work | Registration No./ Filing Date | Actual Date of First Publication |
|---|---|---|
| Magik Egg "Autumn" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Flower" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Moon" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Ocean" | VAu001405148 | April 1, 2017 |

| Title of Work | Registration No./ Filing Date | Actual Date of First Publication |
|---|---|---|
| | June 14, 2020 | |
| Magik Egg "Rainbow" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "River" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Sky" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Spring" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Summer" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Sunshine" | VAu001405148<br>June 14, 2020 | April 1, 2017 |
| King Egg "Snoopy" | VAu001405147<br>June 14, 2020 | January 4, 2017 |
| King Egg "Sweetie" | VAu001405147<br>June 14, 2020 | January 4, 2017 |
| Magik Egg "Star" | VAu001405147<br>June 14, 2020 | April 1, 2017 |
| Magik Egg "Winter" | VAu001405147<br>June 14, 2020 | April 1, 2017 |
| | | |
| Skazka Egg "Pinokio" | VAu001406848<br>June 14, 2020 | January 7, 2019 |
| Skazka Egg "At the Pike's Behest" | VAu001406848<br>June 14, 2020 | January 7, 2019 |
| Skazka Egg "The Frog | VAu001406848 | January 7, 2019 |

32752/000/4390192.1

MOTION PURSUANT TO 17 U.S.C. § 411(b)(2)

| Title of Work | Registration No./ Filing Date | Actual Date of First Publication |
|---|---|---|
| Princess" | June 14, 2020 | |
| Skazka Egg "Thumbelina" | VAu001406848 June 14, 2020 | January 7, 2019 |
| Skazka Egg "The Golden Fish" | VAu001406848 June 14, 2020 | January 7, 2019 |
| Skazka Egg "The Gingerbread Man" | VAu001406848 June 14, 2020 | January 7, 2019 |
| Skazka Egg "Puss in Boots" | VAu001406848 June 14, 2020 | January 7, 2019 |
| Skazka Egg "Little Red Riding Hood" | VAu001406848 June 14, 2020 | January 7, 2019 |
| Skazka Egg "Riaba the Hen" | VAu001406848 June 14, 2020 | January 7, 2019 |
| King Egg "Beauty" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Candy" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Cricky" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Cutie" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Dreamy" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Funny" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Goofy" | VAu001405142 June 14, 2020 | January 4, 2017 |

| Title of Work | Registration No./ Filing Date | Actual Date of First Publication |
|---|---|---|
| King Egg "Grumpy" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Pooky" | VAu001405142 June 14, 2020 | January 4, 2017 |
| King Egg "Pretty" | VAu001405142 June 14, 2020 | January 4, 2017 |

*See id.*

Plaintiffs' own uncontroverted evidence thus shows that 33 of the illustrations on which Plaintiffs base their copyright claims in this action were published well before June 14, 2020, when Plaintiff Grant submitted applications to register those illustrations as Groups of Unpublished Works. Plaintiffs' purported registrations of those illustrations, under Registration No. VAu001405148, Registration No. VAu001405147, Registration No. VAu001406848 and Registration No. VAu001405142, thus fail to comply with the requirements of 37 C.F.R. § 202.4(c), in particular the inflexible threshold requirement that "All the works in the group must be unpublished." 37 C.F.R. § 202.4(c)(1).

That repeated inaccuracy supports invalidation of the four copyright registrations at issue as a matter of law. *See Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir. 2019) (affirming summary judgment for defendant on copyright infringement claim because group registration at issue knowingly combined published and unpublished designs in violation of then-applicable Copyright Office regulations for registration of unpublished collections).

**B.    Plaintiff Knowingly Made Material Misrepresentations To The Register Of Copyrights That Render The Registrations Invalid**

A valid copyright alone is not sufficient to permit a suit for copyright infringement. A copyright holder may sue for infringement of that copyright only if

8

it possesses a valid copyright registration. 17 U.S.C. § 411(a) ("No action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) ("the Copyright Act … requires copyright holders to register their works before suing for copyright infringement.").

A certificate of registration satisfies this requirement

> regardless of whether the certificate contains any inaccurate information, *unless*—
>
> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
>
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b)(1) (emphasis added). A copyright infringement plaintiff, accordingly, cannot satisfy the registration precondition with a certificate of registration issued by the Copyright Office based on false information. To prevent plaintiffs from abusing the registration process in this way, the Copyright Act allows for the invalidation of registrations obtained through knowing misrepresentations.

Here, Plaintiff Grant knowingly misrepresented to the Copyright Office that the 33 illustrations that Plaintiff sought to register as Groups of Unpublished Works had not been published prior to the date Plaintiff applied to register the copyrights. Had the Copyright Office known that Plaintiff's representation that the illustrations were unpublished was false, and that the illustrations had in fact already been published, it would have refused registration. This Court should, accordingly, ask the Register to confirm that such misrepresentations were material, as required by 17 U.S.C. § 411(b)(2).

### C. 17 U.S.C. § 411(b)(2) Mandates That The Register Of Copyrights Be Consulted Before A Copyright Registration Obtained On The Basis Of Inaccurate Information Is Found To Be Insufficient To Support An Infringement Action

"In any case in which inaccurate information [in an application to register copyright] is alleged, the court *shall* request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2) (emphasis added). When a party has made a knowing misrepresentation in an application for copyright registration under § 411(b)(1)(A), the court must request the Register of Copyrights to advise it with respect to § 411(b)(1)(B). *See Palmer/Kane*, 188 F. Supp. 3d at 348 ("... courts are in agreement that the provision is mandatory in nature, requiring district courts to solicit the advice of the Copyright Office when the statutory conditions are satisfied.").

There can be no doubt that Plaintiff Grant *knew* that the inaccurate information she included on the applications – the falsehood that the 33 illustrations in question were unpublished works, and accordingly eligible for Group Registration – was inaccurate when she included it. As the individual author of the works, as well as the Chief Executive Officer of Plaintiff Imex Leader, Inc, the exclusive licensee of the works, she knew that the works were published as a fact matter. And she cannot claim to have committed a good-faith mistake of law – to have misunderstood the meaning of "unpublished" – when she completed the relevant GRUW applications. By June 14, 2020, when Plaintiff Grant filed the four GRUW applications at issue here, she was already an experienced registration applicant, having previously applied for and obtained the 18 registrations for *published* works listed below:

1. Registration No. VA0002111507 for the published work Emoji Egg "Cupcake." *See* Berman Decl. Exh. B, SAC ¶ 34(a).
2. Registration No. VA0002111534 for the published work Emoji Egg "Magic." *See* Berman Decl. Exh. C, SAC ¶ 34(b).
3. Registration No. VA0002111528 for the published work Emoji Egg "Melody." *See* Berman Decl. Exh. D, SAC ¶ 34(c).
4. Registration No. VA0002111536 for the published work Emoji Egg "Neo." *See* Berman Decl. Exh. E, SAC ¶ 34(d).
5. Registration No. VA0002111518 for the published work Emoji Egg "Smiley." *See* Berman Decl. Exh. F, SAC ¶ 34(e).
6. Registration No. VA0002111531 for the published work Emoji Egg "Sunshine." *See* Berman Decl. Exh. G, SAC ¶ 34(f).
7. Registration No. VA0002111512 for the published work Emoji Egg "Twinkie." *See* Berman Decl. Exh. H, SAC ¶ 34(g).
8. Registration No. VA0002141393 for the published work Happy Egg "Captain." *See* Berman Decl. Exh. I, SAC ¶ 33(a).
9. Registration No. VA0002141398 for the published work Happy Egg "Geek." *See* Berman Decl. Exh. J, SAC ¶ 33(b).
10. Registration No. VA0002141400 for the published work Happy Egg "Hani." *See* Berman Decl. Exh. K, SAC ¶ 33(c).
11. Registration No. VA0002141402 for the published work Happy Egg "Joy." *See* Berman Decl. Exh. L, SAC ¶ 33(d).
12. Registration No. VA0002141401 for the published work Happy Egg "Merry." *See* Berman Decl. Exh. M, SAC ¶ 33(e).
13. Registration No. VA0002141399 for the published work Happy Egg "Victory." *See* Berman Decl. Exh. N, SAC ¶ 33(f).
14. Registration No. VA0002112822 for the published work Happy Toy Merry. *See* Berman Decl. Exh. O, SAC ¶ 34(u).

15. Registration No. VA0002112845 for the published work King Toy Pretty: 2. *See* Berman Decl. Exh. P, SAC ¶ 34(v).
16. Registration No. VA0002107942 for the published work MagiK Egg 12 Designs. *See* Berman Decl. Exh. Q, SAC ¶ 31.
17. Registration No. VA0002111330 for the published work MagiK Toy 12 designs. *See* Berman Decl. Exh. R, SAC ¶ 34(w).
18. Registration No. VA0002111538 for the published work Happy Egg "Hop." *See* Berman Decl. Exh. S.

Plaintiff Grant clearly knew the difference between published and unpublished works by June 14, 2020, when she misrepresented to the Copyright Office the publication status of the 33 works at issue here. But even if she were willfully blind to the legal requirement that the works be unpublished in order to take advantage of the GRUW registration option, the resulting registrations are still invalid. As the Supreme Court has recognized,

> willful blindness may support a finding of actual knowledge. Circumstantial evidence, including the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters, may also lead a court to find that an applicant was actually aware of, or willfully blind to, legally inaccurate information.

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941, 948 (2022); *see Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 2023 U.S. Dist. LEXIS 62711, *39 (C.D. Cal. Mar. 17, 2023) ("Knowledge of the law can be established by showing willful blindness, and willful blindness can be inferred from circumstantial evidence.").

Here the "relevant rule" is exceedingly simple, indeed self-explanatory: only groups of unpublished works may be registered under the Group Registration of Unpublished Works option. The meaning of "unpublished" has been settled since at least as early as the effective date of the 1909 Copyright Act, under which federal

copyright was secured "by publication … with the notice of copyright required by this Act," 17 U.S.C. ¶ 9 (repealed); under which "'the date of publication' shall … be the earliest date when copies of the first authorized edition were placed on sale, sold, or publicly distributed by the proprietor of the copyright or under his authority," 17 U.S.C. ¶ 26 (repealed); and under which "nothing in this Act shall be construed to annul or limit the right of the author or proprietor of an unpublished work, at common law or in equity, to prevent the copying, publication, or use of such unpublished work without his consent."  17 U.S.C. ¶ 2 (repealed).

The meaning of "unpublished" has remained unchanged for well over a century.  In any case, "[t]he terms 'prior' and 'published' are not nuanced legal terms – they are plain English."  *Neman Bros. & Assoc. v. Interfocus, Inc.*, 2023 U.S. Dist. LEXIS 2143, *31 (C.D. Cal. Jan. 4, 2023).  Moreover, in the unlikely event that a GRUW applicant should be in doubt as to whether a work is published, the Copyright Office makes numerous materials publicly available to clear up such confusion.  *See*, *e.g.*, U.S. Copyright Office Circular 24 (Group Registration of Unpublished Works) at 1 ("A work is unpublished if no copies have been distributed to the public and no copies have been offered to a group for further distribution, public performance, or public display."); U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1902 (What Constitutes Publication?) *et seq.* (3d ed. 2021); *see also Lieb v. Korangy Publ'g, Inc.*, 2022 U.S. Dist. LEXIS 69510 (E.D.N.Y. Apr. 14, 2022):

> The Court assumes that the instructions and definitions provided by the USCO reflect the best intentions of that office to inform the public as to the rules of registration.  The Court's own review of those instructions bear out this assumption. … All of these documents give the public clear, basic information as to registering and properly limiting their claims of copyright.  All are accessible to the public at the Copyright Office website, found at https://copyright.gov.

2022 U.S. Dist. LEXIS 69510, *23-24.  *See Neman Bros.*, 2023 U.S. Dist. LEXIS

2143 at *30 ("'In sum, this is a case where the USCO provided the clearest of directions and the registrant knowingly ignored them.'") (quoting *Lieb*, 2022 U.S. Dist. LEXIS 69510, *45).

The long-settled and uncomplicated distinction between published and unpublished works, as set forth in the Copyright Act, in the Copyright Office's publicly available materials, and indeed in plain English, and the fact that Plaintiff Grant had previously applied for and obtained 18 registrations for published works, establish that she knew the difference between published and unpublished works but chose to ignore it when it suited her.

## CONCLUSION

Based on the above, it is inescapable that Plaintiff Grant was actually aware that the 33 works she applied to register under the Group Registration of Unpublished Works option were *not* unpublished, both as a factual and a legal matter, and could not lawfully be registered under that option, or was willfully blind to that inconvenient fact. Either way, the result is the same: "inaccurate information was included on the application[s] for copyright registration with knowledge that it was inaccurate" under 17 U.S.C. § 411(b)(1)(A).

Defendants, accordingly, respectfully request that the Court grant this Motion, and request, pursuant to 17 U.S.C. § 411(b)(2), that the Register of Copyrights advise the Court whether the inaccurate information that was knowingly included in the applications that resulted in Registration No. VAu001405148, Registration No. VAu001405147, Registration No. VAu001406848 and Registration No. VAu001405142 would, if known, have caused the Register of Copyrights to refuse registration.

| | | |
|---|---|---|
| 1 | Dated: July 6, 2023 | COWAN, LIEBOWITZ & LATMAN, P.C. |
| 2 | | |
| 3 | | By: ___/s/ Kieran G. Doyle___<br>Kieran G. Doyle (admitted pro hac vice) |
| 4 | | Attorneys for Defendants |
| 5 | | ZEST US WHOLESALE, INC.; ZEST US; ADIL AL HOURANI; OMAR AL HOURANI; KGR DISTRIBUTION CORP.; and RAVI KOMMI; SHIMS BARGAIN, INC. |