UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal for Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING DEFENDANTS' MOTION FOR ISSUANCE OF REQUEST TO THE REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2) [63]**

Before the court is Defendants Zest US Wholesale, Inc., Zest US, Adil Al Hourani, Omar Al Hourani, KGR Distribution Corp., Ravi Kommi, and Shims Bargain, Inc. d/b/a JC Sales' (collectively, "Defendants") Motion for Issuance of Request to Register of Copyrights Pursuant to 17 U.S.C. § 411(b)(2). (Dkt. 63 ("Motion" or "Mot.").)  Plaintiffs Imex Leader, Inc. and Irina Grant ("Plaintiffs") oppose the Motion. (Dkt. 64 ("Opposition" or Opp.").)  The matter is fully briefed. (*See* Dkt. 68 ("Reply").)  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

## I.    Background

In this case, Plaintiffs allege Defendants have infringed their registered copyrights in numerous works of visual art appearing on Plaintiffs' candy and toys packaged in egg-shaped containers. (Dkt. 85 ("SAC") ¶¶ 2, 16-17, 30-34.)  Relying principally on Plaintiffs' discovery responses in the Motion, Defendants seek an order from the court requesting the Register of Copyrights whether certain alleged inaccurate information in group registrations encompassing 33 of Plaintiff Grant's copyrighted works pursuant to 17 U.S.C. § 411(b). (*See generally* Mot.;

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

Reply.)  Specifically, Defendants assert Registration Nos. VAu001405148, VAu001405147, VAu001406848, and VAu001405142, all of which are effective as of June 14, 2020 ("GRUW Registrations"), are invalid for failing to disclose the copyrighted works covered by those registrations were previously published.  (Mot. at 3-8.)  Plaintiffs oppose that request, and assert that several reasons demonstrate Plaintiff Grant merely made mistakes while submitting those registrations, thus removing the instant matter from § 411(b)'s domain.  (*See generally* Opp.)

## II.    Legal Standard

A valid registration with the copyright office is a precondition to bringing a civil infringement action.  *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019); 17 U.S.C. § 411(a); *but see id.* § 408(a) ("[R]egistration is not a condition of copyright protection.").  A certificate of registration is valid "regardless of whether the certificate contains any inaccurate information, unless (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(1).

"§ 411(b)(1) saves a copyright registration from invalidity when its application contains errors unless the registrant *knowingly* transmitted inaccurate *material* facts to the Register of Copyrights."  *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1064 (9th Cir. 2022) ("*Unicolors II*") (citation omitted).  "The scope of an inaccuracy's materiality is determined by making a statutorily mandated request of 'the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register . . . to refuse registration.'"  *Id.* (quoting 17 U.S.C. § 411(b)(2)) (citation omitted).  "Before making such a request, a court must first establish whether the registrant had the proper 'knowledge' of the inaccuracy under § 411(b)(1)(A)."  *Id.* (citations omitted).

---

## CIVIL MINUTES – GENERAL

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

"[I]n this context, the word 'knowledge' means actual, subjective awareness of both the facts and the law." *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 142 S. Ct. 941, 947 (2022) ("*Unicolors I*"). Willful blindness may suffice. *Id.* at 948. In any event, "[l]ack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration." *Id.* "Thus, prior to making a materiality determination, a court must assess if the registrant submitted [their] application with knowledge that the information was factually inaccurate and with knowledge that the application failed to comply with the governing legal requirements." *Unicolors II*, 52 F.4th at 1065; *see also DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 624 (7th Cir. 2013) ("[U]nder section 411(b)(2), a court still must request a response from the Register before coming to a conclusion as to the materiality of a particular misrepresentation.") (citation omitted). Courts may consider "[c]ircumstantial evidence, including the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters" in assessing an applicant's knowledge. *Unicolors I*, 142 S. Ct. at 948.

## III.  Discussion

### A.  The Parties' Arguments and Supporting Evidence

Defendants argue Plaintiff Grant knowingly provided material false information to the Copyright Office in registering four groups of works as a Group Registration of Unpublished Works ("GRUW"). Per Defendants, the relevant registration instructions are clear. (Mot. at 1-7.) GRUW registration requires, in relevant part, that "[a]ll of the works in the group must be unpublished." 37 C.F.R. § 202.4(c)(1); *see also* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1106.1 (3d ed. 2021)[1] ("Works that do not satisfy these

_____

[1] "Because *Chevron* deference does not apply to internal agency manuals or opinion letters," *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042 (9th Cir. 2014), the court defers to the Copyright Office's views in the Compendium of U.S. Copyright Office Practices "only to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc*. et al.*

requirements cannot be registered with this group registration option."). In turn, the Copyright Act defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. The Act expressly states "[t]he offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication," while "[a] public performance or display of a work does not of itself constitute publication." *Id.*

As noted, Defendants reference Plaintiffs' discovery responses in which they stated the publication of the copyrighted works encompassed in Registration Nos. VAu001405148, VAu001405147, VAu001406848, and VAu001405142 were published prior to those four GRUW registrations on June 14, 2020. (*See* Dkt. 64 ("Berman Decl."), Exhs. A at 6-8.) Specifically, Plaintiffs' Objections and Responses to Defendants' Second Set of Interrogatories, No. 18, asks "the date, if any" the 33 works underlying Registration Nos. VAu001405148, VAu001405147, VAu001406848, and VAu001405142 "were first distributed to the public." (*Id.* at 5.) Plaintiffs' responses relevantly list January 4, 2017, April 1, 2017, and January 7, 2019, as the applicable dates. (*Id.* at 5.) Defendants argue these statements, coupled with the requirements to register under GRUW and definition of "publication" above, demonstrate Plaintiff Grant was at least willfully blind to her GRUW registrations' failure to disclose the prior publications of these works. (Mot. at 8-14.)

As an initial matter, Plaintiffs argue Defendants have not shown the underlying works were "published" under the Copyright Act, asserting that it is possible that the works could have been "distributed to the public" by way of "public performance of display of a work." (Opp. at 14-15.) Next, they submit that, if Plaintiff Grant did err, she made an unintentional mistake of law or fact in her omitting the prior publication of the underlying copyrighted works. (*Id.* at 17-25.) As relevant to a mistake of fact, they note Plaintiff Grant's first language is not English,

_____

the extent that those interpretations have the power to persuade," *id.* (quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000)) (internal quotation marks omitted).

_____

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

and reference that her correspondence with the Copyright Office in 2017, 2018, and 2020 did not include examiners' questioning whether or not her works were "published" or "unpublished." (Dkt. 1-1 ("Grant Decl.") ¶¶ 3, 11-19, 25-27 & Exh. 7.)

Plaintiffs also argue Plaintiff Grant made a mistake as to the legal requirements for GRUW registration. Plaintiffs devote some time in their Opposition to describing the Copyright Office's change in 2019, (Mot. at 2-10), noting Plaintiff Grant first applied for copyright registrations in 2017 and 2018, (Grant Decl. ¶ 7). Plaintiffs also highlight that Plaintiff Grant applied for the copyright registrations Defendants seek to invalidate by herself without the assistance of a lawyer. (*Id.* ¶ 6.) Plaintiff Grant also submits in her declaration that she "did not understand the special legal meaning of the word 'published' until . . . 2023." (*Id.* ¶ 10.) She submits that she "believed that 'published' was for something like a book or CD or DVD, because that is what the online application forms for 'published' groups were asking for." (*Id.* ¶ 24.) Plaintiff Grant also states that she "acted in good faith at all times in applying for copyright registrations," was unaware of any errors, and "would have corrected [any] mistakes as soon as I learned about them." (*Id.* ¶ 28.) Accordingly, Plaintiffs maintain Plaintiff Grant merely erred in her GRUW registrations, and did not knowingly submit false information to the Copyright Office.

Defendants challenge the persuasiveness of Plaintiffs' arguments in the Reply. They contend Defendants have rebutted the presumption of validity attendant to Plaintiffs' registration statement, there is no special legal meaning of the terms "published" and "unpublished," and, more broadly, Plaintiffs' evidence merely demonstrates Plaintiff Grant applied to register the GRUW Registrations out of convenience without consideration of the stated requirements. (Reply at 1-10.)

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc*. et al.*

      B.    <u>Application</u>

      At the outset, the court agrees with Defendants that Plaintiffs' discovery responses adequately establish an error.  As noted, Plaintiffs' answer to Defendants' Interrogatory No. 18 states, for each of the challenged underlying copyrighted works, that they "were first distributed to the public" on January 4, 2017, April 1, 2017, or January 7, 2019.  (Berman Decl., Exh. A at 5-8.)  Plaintiffs' assert in the Opposition this response does not concede that the public performance or display exception under the Copyright Act is inapplicable, (*see* Opp. at 14-15), but Plaintiffs do not argue that such an exception is actually implicated here.  While Plaintiff Grant's copyright registrations are "prima facie evidence of the validity of the copyright and the facts stated in the certificate," 17 U.S.C. § 410(c), Defendants "must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement" to "rebut the presumption," *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003) (citations and internal quotation marks omitted).  The court finds these responses— namely that the underlying copyrighted works "were first distributed to the public" prior to the date of the GRUW Registrations—are such evidence of an error.  In the absence of supporting evidence from Plaintiffs the Copyright Act's "public performance or display" exception applies—or an unequivocal statement that it does—the court finds Defendants' showing sufficient.  *Cf. Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 352 (S.D.N.Y. 2016) (noting "wrongly identifying published works as unpublished" can be a "fundamental registration error") (citation and internal quotation marks omitted).  Accordingly, the court's remaining inquiry is whether Plaintiff Grant had knowledge of (or was at least willfully blind to) these errors in her GRUW registrations, or if they were the product of an inadvertent legal or factual mistake.  *See Unicolors I*, 142 S. Ct. at 947.

      The court is not persuaded the record permits a finding Plaintiff Grant made a mistake of law or fact.  As noted, Plaintiff Grant submits in her declaration that she "did not understand the special legal meaning of the word 'published' until 2023," much later than the GRUW Registrations and others predating it.  (Grant Decl. ¶ 10.)  However, the court agrees with

_____

**CIVIL MINUTES – GENERAL**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc*. et al.*

Defendants that "[t]he terms 'prior' and 'published' are not nuanced legal terms." *See Lieb v. Korangy Publ'g, Inc*, 2022 WL 1124850, at *13 (E.D.N.Y. Apr. 14, 2022). The court finds it particularly noteworthy in this context that Plaintiffs acknowledge Plaintiff Grant previously marked 12 designs for the "MagiK Egg" product line she registered as a group in 2017 as "published"—which are visual works like those covered by the GRUW Registrations, not "books," "CDs," or "DVDs," as she submits her understanding of the term is. (*See* Grant Decl. ¶¶ 23-24.) In addressing this discrepancy, Plaintiff Grant states in her declaration she "do[es] not remember doing this," (*see id.* ¶ 10), but that statement does not indicate she lacked an understanding of the term "published" at that time, or sufficiently demonstrate why Plaintiff Grant nevertheless indicated those works were published despite not relating to her asserted understanding of the subject matter to which the term relates, (*see* Grant Decl. ¶¶ 8-10, 23-24; *see also* Berman Decl., Exhs. B-S.) While, as noted, Plaintiffs emphasize the Copyright Office changed its procedures regarding group registrations in 2019 after Plaintiff Grant's earlier registrations, these materials do not indicate the definition of the term "publication" changed materially over the same time frame. (*See* Dkt. 65-2, Exhs. 9-12 (excerpts of Copyright Compendium from 2017, 2018, and online tutorials provided by the Copyright Office).)

Separately, Plaintiffs reference Plaintiff Grant's correspondence with the copyright office and her understanding of English as a second language to support her statement she was "confused" about the registrations. But that correspondence nor elsewhere in the record indicates she communicated her confusion with GRUW registration's requirements to anyone else at the time she registered. (*See* Grant Decl. ¶¶ 3, 11-19, 25-27 & Exh. 7.) On the contrary, as Defendants note, the SAC alleges Plaintiff Grant has registered 18 other copyrights in published visual works with the U.S. Copyright Office prior to filing GRUW registrations. (SAC ¶¶ 31-34; *see also* Mot. at 11-12.) The record does not reflect any confusion on Plaintiff Grant's part as to those registrations with respect to her understanding of the English language, nor do Plaintiffs adequately demonstrate why that confusion surfaced itself with respect to the subsequent GRUW registrations only.

_____

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

As Defendants highlight in the Motion, (*see* Mot. at 23-24; Reply at 7; *see also* Dkt. 68-1, Exh. T), the Copyright Office provides numerous resources to those applying for GRUW registration that Plaintiff Grant did not consult.  Its webpage on GRUW registrations states[2] that "[t]he Copyright Office offers a video tutorial that provides step-by-step instructions on how to complete the online application for a 'Group of Unpublished Works,' with an accompanying link; includes "help text for the online application [that] also provides detailed instructions on how to complete each section of the form," with a link to that page; and further refers applications to "*Group Registration of Unpublished Works* (Circular 24)" and the Public Information Office's help line for further information.  There is no indication Plaintiff Grant sought to utilize these resources in submitting the GRUW Registrations, or that her attempts to do so would have inadequately addressed her stated confusion with the process.  Indeed, the first page of Circular 24[3] states that "[a] work is unpublished if no copies have been distributed to the public and no copies have been offered to a group for further distribution, public performance, or public display" and refers applicants to "chapter 1900 of The Compendium of U.S. Copyright Office Practices (Third Edition)" to "learn more."

In sum, the evidence shows that if Plaintiff Grant lacked an understanding of the term "published" under the Copyright Act despite obtaining 51 registrations over a three-year period, she nevertheless filed both the GRUW application and her previous registration for the "MagiK Egg" product line without first requesting an explanation of what the term meant or utilizing available resources from the Copyright Office.  Though Plaintiff Grant indicates in her submission in the Opposition she was confused about the GRUW registration process and what the term "published" meant, the record provides no indication that she sought help in either case.  *See Lieb*, 2022 WL 1124850, at *14 (considering fact the plaintiff did not communicate with the Copyright Office in making determination he presented inaccurate information with knowledge of its factual and legal inaccuracy and relatedly noting the plaintiff could not "claim that the Copyright Office could have or should have corrected his improper registrations"

---

[2] *available at* https://www.copyright.gov/help/faq/faq-gruw.html.
[3] *available at* https://www.copyright.gov/circs/circ24.pdf.

**CIVIL MINUTES – GENERAL**

**8**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

because "[t]he failure to disclose previously published work is not the kind of obvious error that a specialist can correct on their own").  In light of the particular circumstances of this case, including Plaintiff Grant's experience registering copyrighted works and the relevant definitions under the Copyright Act, the court concludes the record supports a finding she was willfully blind in failing to disclose the copyrighted works in Registration Nos. VAu001405148, VAu001405147, VAu001406848, and VAu001405142 were previously published.  *See Neman Bros. & Assoc., Inc. v. Interfocus, Inc.*, 2023 WL 115558, at *12 (C.D. Cal. Jan. 4, 2023) (concluding registrant's "failure to consider the relevant instructions (which it was obligated to do) in order to thereby claim it lacked knowledge falls within the definition of willful blindness").


   In sum, the record establishes it is not reasonably disputed that the GRUW registrations contain inaccuracies, namely the omission that the underlying copyrighted works were published prior to Plaintiff Grant registering them as a group of unpublished works under the GRUW option.  The circumstances of this case and record before the court sufficiently demonstrate that Defendants' assertion that Plaintiff Grant was willfully blind to the errors, and Plaintiffs' evidence and responses to Defendants' arguments are unpersuasive.  Therefore, based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.[4]

_____

[4] The court is mindful that "the referral procedure is vulnerable to abuse," *Palmer/Kane*, 188 F. Supp. 3d at 348, and courts have "strongly caution[ed] both courts and litigants to be wary of using this device," *DeliverMed*, 734 F.3d at 625 (citation omitted) (noting § 411(b)(2)'s "obvious potential for abuse"); *see also Schenck v. Orosz*, 105 F. Supp. 3d 812, 818 (M.D. Tenn. 2015) ("§ 411(b)(2) creates a serious potential for abuse by introducing a mechanism by which infringers can throw up roadblocks to merited infringement lawsuits, simply by 'alleging' technical violations of the underlying copyright registrations.") (citation omitted); *Olem Shoe Corp. v. Washington Shoe Co.*, 2010 WL 3505100, at *3 n.4 (S.D. Fla. Sept. 3, 2010) ("§ 411(b)(2) gives a party accused of copyright infringement another weapon to delay

_____

### CIVIL MINUTES – GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01432-FWS-JDE                    Date: September 20, 2023
Title: IMEX Leader, Inc. *et al.* v. Zest US Wholesale, Inc. *et al.*

### IV.   Disposition

For the reasons set forth above, the court **GRANTS** the Motion.  The court refers the following questions to the Register of Copyrights pursuant to the mandatory procedure proscribed by 17 U.S.C. § 411(b)(2):

> Whether the disclosure of copyrighted visual works included on the applications for Copyright Registration No. VAu001405148, Copyright Registration No. VAu001405147, Copyright Registration No. VAu001406848 and Copyright Registration No. VAu001405142 as "unpublished" when those works were previously "published" as a factual matter would, if known to the Register, have caused the Register to refuse registration.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

---

the proceedings in district court.").  Ultimately, though, the court finds Defendants have carried their burden to establish referral is appropriate on this record.

**CIVIL MINUTES – GENERAL**